UNITED STATES DISTRICT COURT
FOR THE
SOUTHERN DISTRICT OF INDIANA

| | |
|---|---|
| MALIBU MEDIA, LLC, )<br>     Plaintiff, )<br>   )<br>Vs. )<br>   )<br>ANDREW LEIGHTNER, KEVIN DEMPSEY, )<br>KENNETH REESE, CARL RUDY, LUCAS )<br>SHULTZ, LUCIAN SAVULESCU, DAN )<br>COROIAN, JIM GENDRON, JEREMY )<br>COTTON, NEVILLE FERNANDES, DANIEL )<br>PITTMAN, JAY GARRETT, JERRY RICHEY )<br>CONNIE FELONGCO, TERESA )<br>STEPHENSON, KIRAN POULSEN, CHRIS )<br>MINOR, SIWEI LI, DERICK BROOKS, )<br>CLARISSA HENDERSHOT and JOHN DOES )<br>14, 16, 17, 20, 23, 24 and 29. )<br>     Defendants ) | Civil Action No: 1:12-cv-00845-TWP-MJD |

## DEFENDANT CARL RUDY'S MEMORANDUM IN
## SUPPORT OF MOTION TO DISMISS

Defendant, Carl Rudy, ("Rudy") respectfully submits this memorandum in support of his Motion to Dismiss Pursuant to Rule 12(b)(3) of the Federal Rules of Civil Procedure.

I.
Background

This Motion to Dismiss and Memorandum addresses Plaintiff Malibu Media, LLC's ("Malibu") Amended Complaint, seeking damages from Defendant Carl Rudy ("Rudy") among others for alleged copyright infringement under the Copyright Act of 1976, 17 U.S.C. § 101 *et. seq*. (Document #25 Amended Complaint hereinafter "Complaint").  As part of Malibu's Complaint it alleges that "Carl Rudy is an individual residing at 4307 S. Poplar Street, Marion, IN 46953." (Document #25, Complaint, ¶ 10).  Rudy does not dispute that he resides at the above address but does dispute all allegations of copyright infringement against him contained in Malibu's Complaint. (Affidavit of Carl Rudy, hereinafter "Rudy Aff.", entire Rudy Aff.).

## II.
## Statement of the Issue

Should Malibu's Amended Complaint against Rudy be dismissed pursuant to Rule 12(b)(3) of the Federal Rules of Civil Procedure for lack of proper venue as mandated by 28 U.S.C. § 1400(a) and § 1406(a)?

## III.
## Standard of Review

Federal Rule of Civil Procedure 12(b)(3) allows a defendant to move for dismissal for improper venue as opposed to filing a responsive pleading. "[O]n a motion to dismiss for improper venue, the plaintiff bears the burden of proving venue is proper. The Court may examine facts outside the complaint but must draw all reasonable inferences and resolve all factual conflicts in favor of the plaintiff." *Micrometl Corp. v. Tranzact Technologies, Inc.* F.Supp.2d, 2008 WL 2356511, pg. 3 (S.D.Ind. 2008) quoting *Audi AG & Volkswagon of Am. Inc. v. Izumi,* 204 F.Supp.2d 1014, 1017 (E.D.Mich. 2002). In a civil action alleging copyright infringement an action "may be instituted in the district in which the defendant or his agent resides or may be found." *28 U.S.C. § 1400(a).* "[S]ection 1400(a) itself requires that a defendant be found in a particular judicial district, rather than in the state in which the district court sits." *Milwaukee Concrete Studios, Limited v. Fjeld Manufacturing Company, Incorporated, et al,* 8 F.3d 441, 446 (7th Cir. 1993). "The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." *28 U.S.C. § 1406(a).*

IV.
Argument

By its own admission Malibu admits that Rudy resides in Marion, Grant County, Indiana. (Document #25, Complaint, ¶ 10)  Grant County, Indiana is located within the jurisdiction of the United States District Court for the Northern District of Indiana rather than this Court.  None of the events giving rise to the claims alleged in the Complaint have been committed by Rudy or occurred in this Court's jurisdiction. (Rudy Aff., ¶ 4).  Rudy did not act in concert through a swarm or any other action with any other named Defendant in this matter to download the movie alleged by the Plaintiff. (Rudy Aff., ¶ 5).  Such is confirmed by Plaintiff's Exhibit "A" to its Amended Complaint in that the hit date which alleged to occur to Rudy's alleged IP address of 71.46.119.123 was not at the same time of any other hit dates listed in such exhibit. (Document #25, Complaint, Exhibit "A").  Rudy has also not used bit torrent protocol to download any of Plaintiff's copyrighted material, nor is Rudy aware of any other person downloading Plaintiff's copyrighted material using Rudy's alleged IP address. (Rudy Aff., ¶ 6).  Accordingly, because Malibu has failed to satisfy its burden of proof of proper venue in regards to Rudy in this action, Rudy should be dismissed for lack of proper venue under Rule 12(b)(3).

V.
Conclusion

In light of the foregoing, Malibu's Amended Complaint against Defendant Carl Rudy is filed in the improper venue, and thus Malibu's action against Rudy should be dismissed, pursuant to *28 U.S.C. § 1400(a) and § 1406(a)* .

Date: December 10, 2012      s/ Kyle C. Persinger
                KYLE C. PERSINGER (#21779-27)
                SPITZER HERRIMAN STEPHENSON
                 HOLDEREAD MUSSER & CONNER, LLP
                122 E. Fourth Street
                Marion, IN 46952
                kpersinger@shshlaw.com
                Telephone: 765/664-7307
                Fax: 765/662-0574

## CERTIFICATE OF SERVICE

   I hereby certify that on this 10th day of December, 2012, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which sent notification of such filing to Paul J. Nicoletti, Arend J. Abel, David Scott Klinestiver, Lynn A. Toops, Matthew Thomas Lees, Paul B. Overhauser, Richard E. Shevitz, and William Edwin Wendling, Jr.

   I hereby certify that I served a copy of the foregoing document by ordinary U. S. Mail, postage paid, this 10th day of December, 2012, upon the following:

Derick Brooks
529 South 9th Street
Lafayette, IN 47901

Jay Garrett
708 Prospect Street
Crawfordsville, IN 47933

                /s/ Kyle C. Persinger
                Kyle C. Persinger

SPITZER HERRIMAN STEPHENSON
HOLDEREAD MUSSER & CONNER, LLP
122 East Fourth Street
P.O. Box 927
Marion, Indiana 46952
Telephone: (765) 664-7307
Facsimile: (765) 662-0574