**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF INDIANA**

| | |
|---|---|
| MALIBU MEDIA, LLC | ) |
| | ) |
| Plaintiff, | ) |
| vs. | ) Case No. 1:12-cv-00845-TWP-MJD |
| | ) |
| ANDREW LEIGHTNER, ET AL | ) |
| | ) |
| Defendants. | ) |

**DEFENDANT KENNETH REESE'S**
**ANSWER TO PLANTIFF'S AMENDED COMPLAINT**

Comes now Defendant, Kenneth Reese, by counsel, and for his Answer to Plaintiff's

Amended Complaint states as follows:

**Introduction**

1.  Defendant admits the allegation contained in paragraph 1 of Plaintiff's Amended
    Complaint.

2.  Defendant admits that Plaintiffs make such allegations, but otherwise denies the
    remaining allegations in paragraph 2 of Plaintiff's Amended Complaint.

**Jurisdiction**

3.  The allegations contained in paragraph 3 of Plaintiff's Amended Complaint are legal
    conclusions and not averments of fact and therefore, do not require a response from
    Defendant.

4.  Defendant is without sufficient information or knowledge to form a belief as to the
    truth of the allegations contained in paragraph 4 of Plaintiff's Amended Complaint.

5.  Defendant is without sufficient information or knowledge to form a belief as to the
    truth of the allegations contained in paragraph 5 of Plaintiff's Amended Complaint.

**Parties**

6. Defendant is without sufficient information or knowledge to form a belief as to the truth of the allegations contained in paragraph 6 of Plaintiff's Amended Complaint.

7. Defendant is without sufficient information or knowledge to form a belief as to the truth of the allegations contained in paragraph 7 of Plaintiff's Amended Complaint.

8. Defendant is without sufficient information or knowledge to form a belief as to the truth of the allegations contained in paragraph 8 of Plaintiff's Amended Complaint.

9. Defendant admits the allegation contained in paragraph 9 of Plaintiff's Amended Complaint.

10. Defendant is without sufficient information or knowledge to form a belief as to the truth of the allegations contained in paragraph 10 of Plaintiff's Amended Complaint.

11. Defendant is without sufficient information or knowledge to form a belief as to the truth of the allegations contained in paragraph 11 of Plaintiff's Amended Complaint.

12. Defendant is without sufficient information or knowledge to form a belief as to the truth of the allegations contained in paragraph 12 of Plaintiff's Amended Complaint.

13. Defendant is without sufficient information or knowledge to form a belief as to the truth of the allegations contained in paragraph 13 of Plaintiff's Amended Complaint.

14. Defendant is without sufficient information or knowledge to form a belief as to the truth of the allegations contained in paragraph 14 of Plaintiff's Amended Complaint.

15. Defendant is without sufficient information or knowledge to form a belief as to the truth of the allegations contained in paragraph 15 of Plaintiff's Amended Complaint.

16. Defendant is without sufficient information or knowledge to form a belief as to the truth of the allegations contained in paragraph 16 of Plaintiff's Amended Complaint.

17. Defendant is without sufficient information or knowledge to form a belief as to the truth of the allegations contained in paragraph 17 of Plaintiff's Amended Complaint.

18. Defendant is without sufficient information or knowledge to form a belief as to the truth of the allegations contained in paragraph 18 of Plaintiff's Amended Complaint.

19. Defendant is without sufficient information or knowledge to form a belief as to the truth of the allegations contained in paragraph 19 of Plaintiff's Amended Complaint.

20. Defendant is without sufficient information or knowledge to form a belief as to the truth of the allegations contained in paragraph 20 of Plaintiff's Amended Complaint.

21. Defendant is without sufficient information or knowledge to form a belief as to the truth of the allegations contained in paragraph 21 of Plaintiff's Amended Complaint.

22. Defendant is without sufficient information or knowledge to form a belief as to the truth of the allegations contained in paragraph 22 of Plaintiff's Amended Complaint.

23. Defendant is without sufficient information or knowledge to form a belief as to the truth of the allegations contained in paragraph 23 of Plaintiff's Amended Complaint.

24. Defendant is without sufficient information or knowledge to form a belief as to the truth of the allegations contained in paragraph 24 of Plaintiff's Amended Complaint.

25. Defendant is without sufficient information or knowledge to form a belief as to the truth of the allegations contained in paragraph 25 of Plaintiff's Amended Complaint.

26. Defendant is without sufficient information or knowledge to form a belief as to the truth of the allegations contained in paragraph 26 of Plaintiff's Amended Complaint.

27. Defendant is without sufficient information or knowledge to form a belief as to the truth of the allegations contained in paragraph 27 of Plaintiff's Amended Complaint.

**Joinder**

28. Defendant denies the allegations contained in paragraph 28 of Plaintiff's Amended Complaint.

**Factual Background**

29. Defendant is without sufficient information or knowledge to form a belief as to the truth of the allegations contained in paragraph 29 of Plaintiff's Amended Complaint.

30. Defendant is without sufficient information or knowledge to form a belief as to the truth of the allegations contained in paragraph 30 of Plaintiff's Amended Complaint.

31. Defendant is without sufficient information or knowledge to form a belief as to the truth of the allegations contained in paragraph 31 of Plaintiff's Amended Complaint.

32. Defendant is without sufficient information or knowledge to form a belief as to the truth of the allegations contained in paragraph 32 of Plaintiff's Amended Complaint.

33. Defendant is without sufficient information or knowledge to form a belief as to the truth of the allegations contained in paragraph 33 of Plaintiff's Amended Complaint.

34. Defendant denies the allegations contained in paragraph 34 of Plaintiff's Amended Complaint as to Kenneth Reese; otherwise, Defendant is without sufficient information or knowledge to form a belief as to the truth of the allegations contained in paragraph 34 of Plaintiff's Amended Complaint.

35. Defendant is without sufficient information or knowledge to form a belief as to the truth of the allegations contained in paragraph 35 of Plaintiff's Amended Complaint.

36. Defendant is without sufficient information or knowledge to form a belief as to the truth of the allegations contained in paragraph 36 of Plaintiff's Amended Complaint.

37. Defendant is without sufficient information or knowledge to form a belief as to the

truth of the allegations contained in paragraph 37 of Plaintiff's Amended Complaint.

38. Defendant is without sufficient information or knowledge to form a belief as to the truth of the allegations contained in paragraph 38 of Plaintiff's Amended Complaint.

39. Defendant is without sufficient information or knowledge to form a belief as to the truth of the allegations contained in paragraph 39 of Plaintiff's Amended Complaint.

40. Defendant is without sufficient information or knowledge to form a belief as to the truth of the allegations contained in paragraph 40 of Plaintiff's Amended Complaint.

41. Defendant is without sufficient information or knowledge to form a belief as to the truth of the allegations contained in paragraph 41 of Plaintiff's Amended Complaint.

42. Defendant is without sufficient information or knowledge to form a belief as to the truth of the allegations contained in paragraph 42 of Plaintiff's Amended Complaint.

43. Defendant is without sufficient information or knowledge to form a belief as to the truth of the allegations contained in paragraph 43 of Plaintiff's Amended Complaint.

44. Defendant is without sufficient information or knowledge to form a belief as to the truth of the allegations contained in paragraph 44 of Plaintiff's Amended Complaint.

45. Defendant is without sufficient information or knowledge to form a belief as to the truth of the allegations contained in paragraph 45 of Plaintiff's Amended Complaint.

46. Defendant denies the allegations contained in paragraph 46 of Plaintiff's Amended Complaint as to Kenneth Reese; otherwise, Defendant is without sufficient information or knowledge to form a belief as to the truth of the allegations contained in paragraph 46 of Plaintiff's Amended Complaint.

47. Defendant is without sufficient information or knowledge to form a belief as to the truth of the allegations contained in paragraph 47 of Plaintiff's Amended Complaint.

48. Defendant is without sufficient information or knowledge to form a belief as to the truth of the allegations contained in paragraph 48 of Plaintiff's Amended Complaint.

49. Defendant is without sufficient information or knowledge to form a belief as to the truth of the allegations contained in paragraph 49 of Plaintiff's Amended Complaint.

50. Defendant is without sufficient information or knowledge to form a belief as to the truth of the allegations contained in paragraph 50 of Plaintiff's Amended Complaint.

51. Defendant denies the allegations contained in paragraph 51 of Plaintiff's Amended Complaint as to Kenneth Reese; otherwise, Defendant is without sufficient information or knowledge to form a belief as to the truth of the allegations contained in paragraph 51 of Plaintiff's Amended Complaint.

52. Defendant is without sufficient information or knowledge to form a belief as to the truth of the allegations contained in paragraph 52 of Plaintiff's Amended Complaint.

53. Defendant denies the allegations contained in paragraph 53 of Plaintiff's Amended Complaint as to Kenneth Reese; otherwise, Defendant is without sufficient information or knowledge to form a belief as to the truth of the allegations contained in paragraph 53 of Plaintiff's Amended Complaint.

54. Defendant is without sufficient information or knowledge to form a belief as to the truth of the allegations contained in paragraph 54 of Plaintiff's Amended Complaint.

55. Defendant is without sufficient information or knowledge to form a belief as to the truth of the allegations contained in paragraph 55 of Plaintiff's Amended Complaint.

56. Defendant is without sufficient information or knowledge to form a belief as to the truth of the allegations contained in paragraph 56 of Plaintiff's Amended Complaint.

57. Defendant denies the allegations contained in paragraph 57 of Plaintiff's Amended

Complaint as to Kenneth Reese; otherwise, Defendant is without sufficient information or knowledge to form a belief as to the truth of the allegations contained in paragraph 57 of Plaintiff's Amended Complaint.

58. Defendant is without sufficient information or knowledge to form a belief as to the truth of the allegations contained in paragraph 58 of Plaintiff's Amended Complaint.

59. Defendant is without sufficient information or knowledge to form a belief as to the truth of the allegations contained in paragraph 59 of Plaintiff's Amended Complaint.

60. Defendant is without sufficient information or knowledge to form a belief as to the truth of the allegations contained in paragraph 60 of Plaintiff's Amended Complaint.

**Miscellaneous**

61. Defendant is without sufficient information or knowledge to form a belief as to the truth of the allegations contained in paragraph 61 of Plaintiff's Amended Complaint.

62. Defendant is without sufficient information or knowledge to form a belief as to the truth of the allegations contained in paragraph 62 of Plaintiff's Amended Complaint.

**Count I**

63. Defendant reasserts his responses to paragraphs 1 through 62 as if fully set forth herein.

64. Defendant is without sufficient information or knowledge to form a belief as to the truth of the allegations contained in paragraph 64 of Plaintiff's Amended Complaint.

65. Defendant denies the allegations contained in paragraph 65 of Plaintiff's Amended Complaint as to Kenneth Reese; otherwise, Defendant is without sufficient information or knowledge to form a belief as to the truth of the allegations contained in paragraph 65 of Plaintiff's Amended Complaint.

66. Defendant is without sufficient information or knowledge to form a belief as to the truth of the allegations contained in paragraph 66 of Plaintiff's Amended Complaint.

67. Defendant denies the allegations contained in paragraph 67 of Plaintiff's Amended Complaint as to Kenneth Reese; otherwise, Defendant is without sufficient information or knowledge to form a belief as to the truth of the allegations contained in paragraph 67 of Plaintiff's Amended Complaint.

68. Defendant denies the allegations contained in paragraph 68 of Plaintiff's Amended Complaint as to Kenneth Reese; otherwise, Defendant is without sufficient information or knowledge to form a belief as to the truth of the allegations contained in paragraph 68 of Plaintiff's Amended Complaint.

69. Defendant denies the allegations contained in paragraph 69 of Plaintiff's Amended Complaint as to Kenneth Reese; otherwise, Defendant is without sufficient information or knowledge to form a belief as to the truth of the allegations contained in paragraph 69 of Plaintiff's Amended Complaint.

WHEREFORE, Defendant, Kenneth Reese, by counsel, respectfully requests the Court enter judgment against Plaintiff, and for all other relief just and proper in the premises.

## Count II

70. Defendant reasserts his responses to paragraphs 1 through 69 as if fully set forth herein.

71. Defendant is without sufficient information or knowledge to form a belief as to the truth of the allegations contained in paragraph 71 of Plaintiff's Amended Complaint.

72. Defendant denies the allegations contained in paragraph 72 of Plaintiff's Amended Complaint as to Kenneth Reese; otherwise, Defendant is without sufficient

information or knowledge to form a belief as to the truth of the allegations contained in paragraph 72 of Plaintiff's Amended Complaint.

73. Defendant denies the allegations contained in paragraph 73 of Plaintiff's Amended Complaint as to Kenneth Reese; otherwise, Defendant is without sufficient information or knowledge to form a belief as to the truth of the allegations contained in paragraph 73 of Plaintiff's Amended Complaint.

74. Defendant denies the allegations contained in paragraph 74 of Plaintiff's Amended Complaint as to Kenneth Reese; otherwise, Defendant is without sufficient information or knowledge to form a belief as to the truth of the allegations contained in paragraph 74 of Plaintiff's Amended Complaint.

75. Defendant denies the allegations contained in paragraph 75 of Plaintiff's Amended Complaint as to Kenneth Reese; otherwise, Defendant is without sufficient information or knowledge to form a belief as to the truth of the allegations contained in paragraph 75 of Plaintiff's Amended Complaint.

76. Defendant denies the allegations contained in paragraph 76 of Plaintiff's Amended Complaint as to Kenneth Reese; otherwise, Defendant is without sufficient information or knowledge to form a belief as to the truth of the allegations contained in paragraph 76 of Plaintiff's Amended Complaint.

77. Defendant denies the allegations contained in paragraph 77 of Plaintiff's Amended Complaint as to Kenneth Reese; otherwise, Defendant is without sufficient information or knowledge to form a belief as to the truth of the allegations contained in paragraph 77 of Plaintiff's Amended Complaint.

78. Defendant denies the allegations contained in paragraph 78 of Plaintiff's Amended

Complaint as to Kenneth Reese; otherwise, Defendant is without sufficient information or knowledge to form a belief as to the truth of the allegations contained in paragraph 78 of Plaintiff's Amended Complaint.

79. Defendant denies the allegations contained in paragraph 79 of Plaintiff's Amended Complaint as to Kenneth Reese; otherwise, Defendant is without sufficient information or knowledge to form a belief as to the truth of the allegations contained in paragraph 79 of Plaintiff's Amended Complaint.

WHEREFORE, Defendant, Kenneth Reese, by counsel, respectfully requests the Court enter judgment against Plaintiff, and for all other relief just and proper in the premises.

## AFFIRMATIVE DEFENSES

Defendant, Kenneth Reese, by counsel, for its affirmative defenses to Plaintiff's Amended Complaint, states as follows:

80. Plaintiffs have failed to state a claim upon which relief may be granted in its Amended Complaint as to Defendant, Kenneth Reese.

81. Defendant is not liable for the acts or omissions of other parties.

82. Defendant reserves the right to amend his answer and set forth any additional affirmative defenses as Defendant investigates Plaintiff's claims in this case.

WHEREFORE, Defendant, Kenneth Reese, by counsel, respectfully requests that the Court enter judgment against Plaintiff, and for all other relief just and proper in the premises.

Respectfully submitted,

CAMPBELL KYLE PROFFITT LLP


By____/s/William E. Wendling, Jr._____.
        William E. Wendling, Jr., #2004-49
        Matthew T. Lees, #27929-49
        CAMPBELL KYLE PROFFITT LLP
        One Penn Mark
        11595 N. Meridian St., Suite 701
        Carmel, IN 46032
        Telephone: (317) 846-6514
        Fax: (317) 846-6514
        E-mail: wwendling@ckplaw.com
        E-mail: mlees@ckplaw.com
        **_Attorneys for Defendant_**

## CERTIFICATE OF SERVICE

I hereby certify that on December 12, 2012, a copy of the foregoing *Answer to Plaintiff's Amended Complaint* was filed electronically.  Notice of this filing will be sent to the following parties by operation of the Court's electronic filing system.  Parties may access this filing through the Court's system.

Paul J. Nicoletti
NICOLETTI & ASSOCIATES, PLLC
36880 Woodward Ave., Ste. 100
Bloomfield Hills, MI 48304
paul@nicoletti-associates.com

Arend Abel
Lynn Toops
Richard Shevitz
COHEN & MALAD LLP
One Indiana Square, Ste. 1400
Indianapolis, IN  46204
aabel@cohenandmalad.com
ltoops@cohenandmalad.com
rshevitz@cohenandmalad.com

Tony A. Gibbens
BRANNON ROBINSON PC
1 North Pennsylvania St., Ste. 800
Indianapolis, IN  46204
tag@brannonrobinson.com

Kyle C. Persinger
SPITZER HERRIMAN STEPHENSON
HOLDEREAD MUSSER & CONNER LLP
122 East Fourth Street
Marion, IN 46952
kpersinger@shshlaw.com

David Scott Klinestiver
LEWIS & KAPPES
One American Square
Suite 2500
Indianapolis, IN 46282
dklinestiver@lewis-kappes.com

Paul B. Overhauser
OVERHAUSER LAW OFFICES LLC
740 West Green Meadows Drive, Ste. 300
Greenfield, IN  46140
poverhauser@overhauser.com

I hereby certify that on December 12, 2012, a copy of the foregoing *Answer to Plaintiff's Amended Complaint* was mailed, by first-class U.S. Mail, postage prepaid, and properly addressed to the following:

Jay Garrett
708 Prospect Street
Crawfordsville, IN 47933

Siwei Li
2427 Neil Armstrong Drive, 1A
West Lafayette, IN 47906

12

Derick Brooks
529 South 9th Street
Lafayette, IN 47901

Respectfully Submitted,

CAMPBELL KYLE PROFFITT LLP

By___/s/William E. Wendling, Jr._____.
          William E. Wendling, Jr., #2004-49
          Matthew T. Lees, #27929-49
          CAMPBELL KYLE PROFFITT LLP
          One Penn Mark
          11595 N. Meridian St., Suite 701
          Carmel, IN 46032
          Telephone: (317) 846-6514
          Fax: (317) 846-6514
          E-mail: wwendling@ckplaw.com
          E-mail: mlees@ckplaw.com
          *Attorneys for Defendant*