## UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT INDIANA

| | |
|---|---|
| MALIBU MEDIA, LLC,<br>Plaintiff,<br><br>v.<br><br>ANDREW LEIGHTNER, KEVIN DEMPSEY,<br>KENNETH REESE, CARL RUDY, LUCAS<br>SHULTZ, LUCIAN SAVULESCU, DAN<br>COROIAN, JIM GENDRON, JEREMY<br>COTTON, NEVILLE FERNANDES, DANIEL<br>PITTMAN, JAY GARRETT, JERRY RICHEY<br>CONNIE FELONGCO, TERESA<br>STEPHENSON, KIRAN POULSEN, CHRIS<br>MINOR, SIWEI LI, DERICK BROOKS,<br>CLARISSA HENDERSHOT, and<br>JOHN DOES 2, 14, 16, 17, 20, 23, 24 and 29,<br><br>Defendants. | Case No. 1:12-cv-00845-TWP-MJD |

### DEFENDANT, NEVILLE FERNANDES'
### MOTION TO DISMISS

Defendant, NEVILLE FERNANDES, by counsel, hereby respectfully moves to dismiss this action as to him only for under FRCP 12(b)(2) for lack of personal jurisdiction, FRCP 12(b)(4) for insufficient process, and FRCP 12(b)(5) for insufficient service of process. The grounds for this motion are as follows:

1. Plaintiff must demonstrate that general or specific jurisdiction may be had over the Defendant NEVILLE FERNANDES.

2. Plaintiff cannot meet its burden to show that NEVILLE FERNANDES has had sufficient minimum contacts with Indiana to warrant specific personal jurisdiction over him for this litigation.

3. The standard for personal jurisdiction is as follows:

    "When a defendant moves to dismiss under Rule 12(b)(2) for lack of personal jurisdiction, "the plaintiff bears the burden of demonstrating the existence of jurisdiction." Purdue Research Foundation v. Sanofi-Synthelabo, S.A., 338 F.3d 773, 782 (7th Cir. 2003).

"When federal law does not authorize nationwide service of process, a federal district court has personal jurisdiction over a non-resident defendant if a [*4] court of the state in which it sits would have such jurisdiction." Nerds on Call, Inc. (Indiana) v. Nerds on Call, Inc. (California), 598 F. Supp. 2d 913, 915 (S.D. Ind. 2008) (citations omitted). In Indiana, "personal jurisdiction depends on whether the requirements of the state long-arm statute are met and whether federal due process requirements are satisfied." Id. (citations omitted). Indiana Trial Rule 4.4(A) is Indiana's long-arm statute, providing that "a court of this state may exercise jurisdiction on any basis not inconsistent with the Constitutions of this state or the United States." Because Indiana's long-arm statute is co-extensive with the limits of federal due process, the Court applies federal due process standards. See, e.g., Burger King Corp. v. Rudzewicz, 471 U.S. 462, 469-70, 105 S. Ct. 2174, 85 L. Ed. 2d 528 (1985).

Personal jurisdiction comes in two forms: general and specific. Specific jurisdiction requires an individualized evaluation of the facts of a case and "the relationship among the defendant, the forum, and the litigation." Shaffer v. Heitner, 433 U.S. 186, 204, 97 S. Ct. 2569, 53 L. Ed. 2d 683 (1977). [*5] A court may exercise specific jurisdiction over a non-resident defendant if the defendant has sustained certain minimum contacts and the claim asserted arises out of or results from the defendant's forum-related activities. Richter v. INSTAR Enterprises International, Inc., 594 F. Supp. 2d 1000, 1010 (N.D. Ill. 2009) (citation omitted).

With respect to minimum contacts, a crucial consideration is whether the defendant could reasonably anticipate being haled into court in the forum state because it purposefully availed itself of the privilege of conducting activities there. Id. (citation omitted); see also Purdue Research, 338 F.3d at 780 ("In any given case, there must be some showing that the defendant purposefully availed itself of the privileges of conducting business within the forum state."). This requirement "ensures that the defendant will not be haled into a jurisdiction solely as a result of 'random,' 'fortuitous,' or 'attenuated' contacts or of the 'unilateral activity of another party or third person.'" Burger King, 471 U.S. at 475 (citations omitted).
*Traveler's Joy, Inc. v. Haycco LLC*, 2011 U.S. Dist. LEXIS 44934, 3-6 (S.D. Ind. Apr. 26, 2011)

4. Defendant, NEVILLE FERNANDES is a resident of North Carolina.

5. Defendant, NEVILLE FERNANDES does not have any offices in Indiana.

6. Defendant, NEVILLE FERNANDES does not regularly transact any business in Indiana, maintain an office in Indiana, have any employees in Indiana, send agents to Indiana to conduct business. advertise in Indiana, solicit business in Indiana; nor has he designated an agent for service of process in Indiana, all as evidenced by Exhibit 1

2

7. Further, this Court's exercise of personal jurisdiction over Defendant NEVILLE FERNANDES based on the tenuous contacts alleged in the Complaint would violate traditional notions of fair play and substantial justice.

8. Defendant NEVILLE FERNANDES has not been properly served. Plaintiff alleges that it served Defendant NEVILLE FERNANDES as follows:

> Received by Affordable Process Service Inc. to be served on **Neville Fernandes, 7040 Forrester Lane, Indianapolis, IN 46214.**
>
> I, Heather Roudebush, do hereby affirm that on the **17th day of November, 2012 at 9:24 am, I:**
>
> **INDIVIDUALLY/PERSONALLY** served by delivering a true copy of the **Summons, Complaint, and Exhibits** with the date and hour of service endorsed thereon by me, to: **Neville Fernandes** at the address of: **7040 Forrester Lane, Indianapolis, IN 46214,** and informed said person of the contents therein, in compliance with state statutes.
>
> I certify that I am over the age of 18, not a party to the action, in the judicial circuit in which the process was served.

 (Doc. 104).

9. However, above declaration from the process server is false. On November 17, 2012, Neville Fernandes was not even in Indiana, but in North Carolina where he then resided and where he now resides. (Exhibit 1).

10. Significantly, the above allegation of service does not include a physical description of the person alleged served.

11. Larissa Fernandes resided at 7040 Forrester Lane, Indianapolis, Indiana on November 17, 2012, and was given papers related to this lawsuit. She confirms that Neville Fernandes did not reside at this address and was not present at that address on that date. (Exhibit 2).

WHEREFORE, because NEVILLE FERNANDES has never been properly served and because this court lack personal jurisdiction over him, this motion to dismiss the claims against NEVILLE FERNANDES should granted with prejudice.

                          Respectfully submitted,

                          Overhauser Law Offices, LLC

Dated: February 12, 2013      By: __s/ Paul B. Overhauser_____
                                          Paul B. Overhauser
                                          Overhauser Law Offices, LLC
                                          740 West Green Meadows Drive
                                          Suite 300
                                          Greenfield, IN 46140
                                          (317) 891-1500
                                          (866) 283-8549 – Fax
                                          poverhauser@overhauser.com
                                          *Attorney for Defendant, Neville Fernandes*

Exhibits

1       Declaration of Neville Fernandes
2       Declaration of Larissa Fernandes

### CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing is being filed electronically, and notice hereof will automatically be sent to all counsel of record that participate in electronic filing, by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

                                          By:    __s/ Paul B. Overhauser_____
                                                            Paul B. Overhauser