UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA

| | | |
|---|---|---|
| MALIBU MEDIA, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Case No. 1:12-cv-00845-TWP-MJD |
| | ) | |
| v. | ) | |
| | ) | |
| ANDREW LEIGHTNER, KENNETH REESE, | ) | |
| LUCIAN SAVULESCU, DAN COROIAN, | ) | |
| JEREMY COTTON, NEVILLE | ) | |
| FERNANDES, DANIEL PITTMAN, JERRY | ) | |
| RICHEY, CONNIE FELONGCO, TERESA | ) | |
| STEPHENSON, KIRAN POULSEN, | ) | |
| CHRIS MINOR, SIWEI LI, DERICK | ) | |
| BROOKS, KAREN GARRETT and | ) | |
| JOHN DOES 16, 17, 20, 23, 24 and 29, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

**PLAINTIFF'S MOTION TO STRIKE OR SUMMARILY DISMISS DEFENDANT'S
AFFIRMATIVE DEFENSES [CM/ECF 136]**

Plaintiff, Malibu Media, LLC ("Plaintiff"), by and through undersigned counsel, and

pursuant to Fed. R. Civ. P. 12 and 56, hereby moves for the entry of an order striking or summarily

dismissing the Affirmative Defenses filed by Defendant, Chris Minor ("Defendant"), and files this

memorandum in support.

I.      **INTRODUCTION**

On January 30, 2013 Plaintiff filed its Third Amended Complaint asserting counts for

direct and contributory infringement against Defendant. On February 11, 2013 Defendant filed its

Answer asserting six affirmative defenses against the Third Amended Complaint: (1) Failure to

State a Claim for Relief; (2) Invalid and/or Unenforceable Copyrights; (3) Collateral Estoppel,

Judicial Estoppel, Unclean Hands, Misconduct, Laches, Waiver (Express and Implied) and/or

Other Equitable Doctrines; (4) Express or Implied License and/or Fair Use; (5) License; and (6)

1

Misjoinder.   As explained more fully below, each of Defendant's Affirmative Defenses is insufficient and should therefore be stricken.

II.   **ARGUMENT**

    A.  **Legal Standard**

The Court may strike from a pleading "an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." *Fed. R. Civ. P. 12(f)*.  "The decision whether to strike material is left to the court's discretion." *E.E.O.C. v. New Indianapolis Hotels, LLC*, 2011 WL 63909 (S.D. Ind. 2011) (*citing Talbot v. Robert Matthews Distrib. Co.,* 961 F.2d 654, 665 (7th Cir.1992)).  Motions to strike "may be granted if they remove unnecessary clutter from a case and expedite, rather than delay, the case." *Spencer County Redevelopment Com'n v. AK Steel Corp.*, 2011 WL 3806947 (S.D. Ind. 2011) (citation omitted).

"[T]he Seventh Circuit has gone so far as to say that motions asserted under Rule 12(f) 'will not be granted unless it appears to a certainty that plaintiffs would succeed despite any state of facts which could be proved in support of the defense." *Parker v. Rockies Exp. Pipeline LLC*, 2012 WL 4762138 (S.D. Ind. 2012) (granting motion to strike defendant's fourth affirmative defense and *sua sponte* striking defendant's fifth affirmative defense).  "As pleadings, affirmative defenses must satisfy the liberal standard of Federal Rule of Civil Procedure 8." *Parker v. Rockies Exp. Pipeline LLC*, 2012 WL 4762138 (S.D. Ind. 2012).  Affirmative defenses "must include either direct or inferential allegations as to all elements of the defense asserted, and bare bones conclusory allegations do not suffice." *Id.* (Citation omitted).  Accordingly, where affirmative defenses "omit[] any short and plain statement of facts and fail[] totally to allege the necessary elements of the alleged claims," they are properly stricken. *Heller Fin., Inc. v. Midwhey Powder Co., Inc.*, 883 F.2d 1286, 1295 (7th Cir. 1989) (internal citation omitted).

Additionally, entry of summary judgment under Fed. R. Civ. P. 56 applies to affirmative defenses.  S*ee e.g. Batesville Services, Inc. v. Funeral Depot, Inc.*, 2004 Copr. L. Dec. P 28901 (S.D. Ind. 2004) (granting summary judgment on "the fair use, misuse of copyright, fraud and improper registration, and antitrust defenses."); *Cardiac Pacemakers, Inc. v. St. Jude Med., Inc.*, 2001 WL 483980 (S.D. Ind. 2001) (granting summary judgment on defendant's fifth affirmative defense).  Summary judgment should "be granted if the designated evidence shows that there is no genuine issue as to any material fact and that the moving party is entitled to summary judgment as a matter of law."  *Don Webster Co., Inc. v. Indiana W. Exp., Inc.*, 161 F. Supp. 2d 959, 964 (S.D. Ind. 2001) (*citing Fed. R. Civ. P. 56(c)*).

**B.  Defendant's Affirmative Defenses Are Insufficient and Should be Stricken or Summarily Dismissed**

**1.  Defendant's First Affirmative Defense (Failure to State a Claim) Should be Stricken**

Defendant's First Affirmative Defense should be stricken because Plaintiff *does* state a claim by pleading that Defendant used the BitTorrent protocol to infringement Plaintiff's copyrights.  "To establish copyright infringement, one must prove two elements: '(1) ownership of a valid copyright, and (2) copying of constituent elements of the work that are original.'" *JCW Investments, Inc. v. Novelty, Inc.*, 482 F.3d 910, 914 (7th Cir. 2007) (*quoting Feist Publications, Inc. v. Rural Telephone Service Co., Inc.,* 499 U.S. 340, 361, (1991)).  Here, Plaintiff pled a prima facie case of infringement.  "Plaintiff is the owner of United States Copyright Registration Number PA0001781702 (the "Registration") for the motion picture entitled "Lunchtime Fantasy" (the "Work")." Complaint at ¶ 24.  "A copy of an internet screen shot from the U.S. Copyright Office's website evidencing, among other things, Plaintiff's ownership of the Registration and the registration date is attached as Exhibit B." *Id*. at ¶ 26.  "Each Defendant installed a BitTorrent

3

Client onto his or her computer." *Id.* at ¶ 29.  "Each Defendant went to a torrent site to upload and download Plaintiff's copyrighted Work." *Id.* at ¶ 41.  "Plaintiff retained IPP, Limited ("IPP") to identify the IP addresses that are being used by those people that are using the BitTorrent protocol and the internet to reproduce, distribute, display or perform Plaintiffs' copyrighted works." *Id.* at ¶ 49.  "IPP used forensic software . . . and related technology enabling the scanning of peer-to-peer networks for the presence of infringing transactions." *Id.* at ¶ 50.  "IPP extracted the resulting data emanating from the investigation, reviewed the evidence logs, and isolated the transactions and the IP addresses associated therewith . . ."  *Id.* at ¶ 51.  "The IP addresses, Unique Hash Number and hit dates contained on Exhibit A accurately reflect what is contained in the evidence logs, and show: (A) Each Defendant had copied a piece of Plaintiff's copyrighted Work identified by the Unique Hash Number . . . " *Id.* at ¶ 52.  "By using the BitTorrent protocol and a BitTorrent Client and the processes described above, each Defendant copied the constituent elements of the registered Work that are original." *Id.* at ¶ 60.  "Plaintiff did not authorize, permit or consent to Defendants' copying of its Work."  *Id.* at ¶ 61.  "As a result of the foregoing, each Defendant violated Plaintiff's exclusive [copy]right[s]." *Id.* at ¶ 62.

Accordingly, having properly pled a prima facie case of copyright infringement, Defendant's First Affirmative Defense fails on the face of the pleadings and should be stricken.

## 2. Defendant's Second Affirmative Defense (Invalid/Unenforceable Copyrights) Should be Stricken

Defendant's Second Affirmative Defense should be stricken as conclusory.  For its defense, Defendant alleges only that "Plaintiff's copyrights are invalid and/or unenforceable for failure to satisfy or comply with one or more of the requirements of 17 U.S.C. et seq." Affirmative Defenses, ¶ 3.  Defendant's assertion is vague and ambiguous.  There are myriad reasons why a copyright may be invalid.  Without providing a specific reason, Plaintiff cannot begin to formulate a response

to inform the Court why such reason is invalid.  Moreover, the scope of relevant discovery cannot be ascertained.  In sum, Defendant "omitted any short and plain statement of facts and failed totally to allege the necessary elements of the alleged claims."  *Heller Fin., Inc. v. Midwhey Powder Co., Inc.*, 883 F.2d 1286, 1295 (7th Cir. 1989).  Accordingly, Defendant's Second Affirmative Defense has not satisfied the pleading requirements of the Federal Rules and should therefore be stricken.[1]

### 3. Defendant's Third Affirmative Defense (Collateral Estoppel, Judicial Estoppel, Unclean Hands, Misconduct, Laches, Waiver) Should be Stricken

Federal Rule of Civil Procedure 10(b) states that, "[a] party <u>must</u> state its claims or defenses in numbered paragraphs, each limited . . . to a single set of circumstances. . . . If doing so would promote clarity, each claim founded on a separate transaction or occurrence—and each defense other than a denial—<u>must</u> be stated in a <u>separate</u> count or defense."  *Fed. R. Civ. P. 10(b)* (emphasis added).  Defendant's Third Affirmative Defense which states that "Plaintiff's claims are barred in whole or in part under principles of equity, including, without limitation, by the doctrines of collateral estoppel, judicial estoppel, unclean hands, misconduct, laches, waiver (express and implied), and/or other equitable doctrines" should be stricken because it violates Rule 10(b) by comingling eight distinct defenses in one paragraph.

Further, each of the eight defenses is insufficient and accordingly, the Court should strike Defendant's Third Affirmative Defense.  In *J & J Sports Productions, Inc. v. Munoz*, 2011 WL 2881285 (S.D. Ind. 2011) this Court struck a nearly identical affirmative defense that asserted in a conclusory manner that the plaintiff's claims were "barred, in whole or part, by the equitable

---

[1] In the alternative, Plaintiff moves for an order under Fed. R. Civ. P. 12(e) for a more definite statement.  Rule 12(e) provides: "[a] party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response."  "[I]f the claim is unclear, the court should require a plaintiff to prepare a more definite statement under Rule 12(e) instead of 'lavishing attention on the complaint until the plaintiff gets it just right."  *Coexist, LLP v. Cafepress.com*, 2006 WL 120183 (S.D. Ind. 2006) (*quoting Scott v. City of Chicago,* 195 F.3d 950, 952 (7th Cir.1999)).

5

doctrines of waiver, estoppel, unclean hands and/or laches" noting that the affirmative defense was insufficient under *Heller*, 883 F.2d 1286 (7th Cir. 1989). *See also Reis Robotics USA, Inc. v. Concept Indus., Inc.*, 462 F. Supp. 2d 897, 907 (N.D. Ill. 2006) (striking defendant's fifth affirmative defense asserting "laches, waiver, estoppel, unclean hands, or similar legal or equitable doctrines" stating that "[m]erely stringing together a long list of legal defenses is insufficient to satisfy Rule 8(a)" and that "in asserting 'similar legal or equitable doctrines' [Defendant] fails to put [Plaintiff] on notice as to even the legal bases for its defenses.")

### a. **Plaintiff's Claims are Not Barred by the Doctrine of Collateral Estoppel**

"Generally, the doctrine of collateral estoppel exists to prevent litigants from re-litigating issues that have already been the subject of a fair legal determination." *Hubble v. Rice*, 2005 WL 3003092 (S.D. Ind. 2005) (denying motion to dismiss based on collateral estoppel). "Trial courts must consider two factors in determining whether to apply collateral estoppel: 'whether the party against whom the judgment is pled had a full and fair opportunity to litigate the issue, and whether it would be otherwise unfair under the circumstances' of the particular case." *Wolverine Mut. Ins. v. Vance ex rel. Tinsley*, 325 F.3d 939, 943 (7th Cir. 2003) (citation omitted). Collateral estoppel has no application to the instant case because this case is not "re-litigating issues that have already been the subject of a fair legal determination." Thus, no party has had a "full and fair opportunity to litigate the issue[s]" and it is not "otherwise unfair under the circumstances of the particular case." Accordingly, Plaintiff's claims are not barred by the doctrine of collateral estoppel.

### b. **Plaintiff's Claims Are Not Barred by the Doctrine of Judicial Estoppel**

Judicial estoppel is "an equitable concept providing that a party who prevails on one ground in a lawsuit may not in another lawsuit repudiate that ground." *United States v. Christian*, 342 F.3d 744, 747 (7th Cir. 2003). The doctrine may apply when: "(1) the later position is clearly

6

inconsistent with the earlier position; (2) the facts at issue are the same in both cases; (3) the party to be estopped convinced the first court to adopt its position; and (4) the party seeking to assert an inconsistent position would derive an unfair advantage or impose an unfair detriment on the opposing party if not estopped." *Id.* Judicial estoppel has no application to the instant case because, as stated above, this is the first time that Defendant's liability for direct and contributory copyright infringement is being litigated. Accordingly, it is impossible for Defendant to argue that Plaintiff is repudiating a ground on which Plaintiff previously prevailed. Further, Defendant has asserted judicial estoppel in a vague and conclusory manner and without more information Plaintiff cannot expand upon why Defendant's assertion is invalid. [2]

### c.  Plaintiff's Claims Are Not Barred by the Doctrine of Unclean Hands

Plaintiff's claims are not barred by the doctrine of unclean hands. Defendant's assertion is conclusory and vague. To successfully assert the defense of unclean hands, Defendant "must at least demonstrate three things: (1) [Plaintiff's] misconduct was intentional; (2) [Plaintiff's] wrongdoing concerned the [Defendant] and had an immediate and necessary relation to the matter in litigation; and (3) [Defendant was] injured by [Plaintiff's] conduct." *Murray v. Conseco, Inc.*, 2009 WL 1357235 (S.D. Ind. 2009).

In the context of claims for copyright infringement, an unclean hands defense will only "bar enforcement of a valid copyright when a plaintiff commits wrongdoing 'of serious proportions.'" *Saxon v. Blann*, 968 F.2d 676, 680 (8th Cir. 1992) (citation omitted). Further, the defense does not apply "where plaintiff's misconduct is not directly related to the merits of the

---

[2] In the alternative, Plaintiff moves for an order under Fed. R. Civ. P. 12(e) for a more definite statement. Rule 12(e) provides: "[a] party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response." "[I]f the claim is unclear, the court should require a plaintiff to prepare a more definite statement under Rule 12(e) instead of 'lavishing attention on the complaint until the plaintiff gets it just right." *Coexist, LLP v. Cafepress.com*, 2006 WL 120183 (S.D. Ind. 2006) (*quoting Scott v. City of Chicago,* 195 F.3d 950, 952 (7th Cir.1999)).

controversy between the parties, but only where the wrongful acts" affect the equitable relations between the parties with respect to the controversy. *Mitchell Bros. Film Group v. Cinema Adult Theater*, 604 F.2d 852, 863 (5th Cir. 1979), *cert. denied*, 445 U.S. 917, 100 S.Ct. 1277, 63 L.Ed.2d 601 (1980). Here, Defendant has not asserted any behavior by Plaintiff that may qualify as unclean hands. Defendant's "bare bones conclusory allegations do not suffice" and accordingly, Plaintiff's claims are not barred in whole or part.

### d. Plaintiff's Claims Are Not Barred by the Doctrine of Laches, Waiver (Express or Implied), or Other Equitable Doctrines

Defendant's remaining arguments are similarly insufficient and should be stricken. First, "[l]aches requires: '(1) inexcusable delay in asserting a known right; (2) an implied waiver arising from knowing acquiescence in existing conditions; and (3) a change in circumstances causing prejudice to the adverse party.'" *Geary v. Scharbrough*, 2007 WL 2901695 (S.D. Ind. 2007). Here, Plaintiff has not asserted its claims after any inexcusable delay. All acts of infringement involved in the original Complaint were conducted between May 6, 2012 and July 22, 2012. Plaintiff's Complaint was filed on August 15, 2012. Plaintiff's copyright infringement suit, filed just one month after the date of the last recorded infringement is evidence that Plaintiff did not impliedly waive any right nor acquiesce in the infringement. In light of the foregoing, Defendant cannot demonstrate any change in circumstances that caused him prejudice and Defendant's laches affirmative defense fails.

Further, Defendant's assertion of misconduct, waiver, and "other equitable doctrines" is vague and ambiguous. Without providing any further specific information, Plaintiff cannot begin to formulate a response to inform the Court why such reasons are invalid. Moreover, the scope of relevant discovery cannot be ascertained. In sum, Defendant "omitted any short and plain statement of facts and failed totally to allege the necessary elements of the alleged claims." *Heller*

*Fin., Inc. v. Midwhey Powder Co., Inc.*, 883 F.2d 1286, 1295 (7th Cir. 1989).   Accordingly, Defendant's Third Affirmative Defense has not satisfied the pleading requirements of the Federal Rules and should therefore be stricken.[3]

### 4.   Defendant's Fourth Affirmative Defense (Express or Implied License and/or Fair Use) Should be Stricken

Similar to Defendant's Third Affirmative Defense, Defendant's Fourth Affirmative Defense violates Fed. R. Civ. P. 10(b) by comingling defenses in a single paragraph.   Defendants Fourth Affirmative Defense states that "Plaintiff's claims for relief are barred by the doctrines of express or implied license and/or fair use."  Affirmative Defenses ¶ 5.

Defendant's Fourth Affirmative Defense is insufficient and directly contrary to the pleadings.  First, Plaintiff has never authorized, impliedly or expressly, the distribution of its works through the BitTorrent peer-to-peer file sharing protocol.  It is unquestionable that there is no express license in this case.  Prior to this infringement action Plaintiff and Defendant were complete strangers and Plaintiff has never licensed the use of its works to Defendant.  Further, although the Copyright Act does not permit the exclusive transfer of copyright ownership absent a writing, a court may find that a nonexclusive license has been implied by either the conduct of, or an oral agreement between, the parties involved.  *I.A.E., Inc. v. Shaver*, 74 F.3d 768, 776 (7th Cir. 1996).  An implied license arises where the following three elements are met: (1) the licensee requests the creation of a work; (2) the licensor creates the work and delivers it to the licensee; and (3) the licensor intends that the licensee copy and distribute the work.  *Id. citing Effects Assocs. v.*

---

[3] In the alternative, Plaintiff moves for an order under Fed. R. Civ. P. 12(e) for a more definite statement.   Rule 12(e) provides: "[a] party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response."   "[I]f the claim is unclear, the court should require a plaintiff to prepare a more definite statement under Rule 12(e) instead of 'lavishing attention on the complaint until the plaintiff gets it just right."  *Coexist, LLP v. Cafepress.com*, 2006 WL 120183 (S.D. Ind. 2006) (*quoting Scott v. City of Chicago*, 195 F.3d 950, 952 (7th Cir.1999)).

*Cohen*, 908 F.2d 555, 558-59 (9th Cir. 1990).  *See also Kennedy v. Nat'l Juvenile Det. Ass'n*, 187 F.3d 690, 694 (7th Cir. 1999).

None of the prongs of the *Effects* test above can be met in this instance.  First, Defendant cannot allege that he or she requested the work in question from Plaintiff.  Second, in the context of <u>unauthorized</u> file sharing, under no set of circumstances can Defendant establish that Plaintiff created the work and delivered it to Defendant pursuant to a "meeting of the minds."  *See, e.g., Farr v. Ohio Oil Co.*, 129 F. Supp. 219, 220 (N.D. Ind. 1955) (holding that an implied contract "grows out of the intentions of the parties and there must be a meeting of the minds."); *Ulloa v. Universal Music and Video Distribution Corp.*, 303 F.Supp.2d 409, 416 (S.D.N.Y. 2004) ("In order to establish an implied license, as for any implied contract, they must prove that there was a meeting of the minds.")  Third, under the facts in this case, Plaintiff clearly did not intend for Defendant to copy and distribute the work, since it is now suing Defendant for infringement.  *See, e.g., Luar Music Corp. v. Universal Music Group, Inc.*, 861 F.Supp.2d 30, 37 (D.P.R. 2012) ("Nonexclusive licenses may be granted if the copyright owner does not object to the putative infringer's use of copyrighted material.").

Additionally, Defendant's fair use affirmative defense is directly contrary to established precedent within this Circuit as well as other circuits.  Indeed, the Seventh Circuit has expressly rejected a fair use defense in cases involving copyright infringement in the context of peer-to-peer file sharing.  *See BMG Music v. Gonzalez*, 430 F.3d 888, 890-91 (7th Cir. 2005) (holding that "downloading full copies of copyrighted material without compensation to authors cannot be deemed 'fair use.'")  *See also e.g., Sony BMG Music Entertainment v. Tenenbaum*, 660 F.3d 487, 490 (1st Cir. 2011) (expressly rejecting "fair use" defense by copyright infringement defendant); *A&M Records, Inc. v. Napster, Inc.*, 239 F.3d 1004, 1014-19 (9th Cir. 2001) (holding that uploading

and downloading of digital audio files containing copyrighted music through internet service facilitating transmission and retention of such files by users was not fair use of copyrighted works).

Defendant's Fourth Affirmative Defense thus contradicts established precedent and is contrary to the relevant law and accordingly should be stricken.

### 5.   **Defendant's Fifth Affirmative Defense (License) Should be Stricken**

Defendant's Fifth Affirmative Defense states that "Plaintiff's claims are barred in whole or in part by the licenses from Plaintiff."  Affirmative Defenses ¶ 6.  Defendant's Fifth Affirmative Defense is duplicative of his Fourth Affirmative Defense and should be stricken for the same reasons given directly above.  Plaintiff has not licensed, impliedly or expressly, the unauthorized downloading and distribution of its works through the BitTorrent protocol to Defendant or anyone else.  Accordingly, Defendant's Fifth Affirmative Defense should be stricken.

### 6.   **Defendant's Sixth Affirmative Defense (Misjoinder) Should be Stricken**

Defendant's Sixth Affirmative Defense should be stricken because it is not properly asserted as an affirmative defense.  Defendant's Sixth Affirmative Defense merely states "Plaintiff has misjoined the Defendants."  Affirmative Defenses ¶ 7.  This argument is not properly asserted as an affirmative defense to the action.  An affirmative defense is defined as "[a] defendant's assertion of facts and arguments that, if true, will defeat the plaintiff's or prosecution's claim, even if all the allegations in the complaint are true." *Black's Law Dictionary* (9th ed. 2009).  Plaintiff's claims are for direct and contributory copyright infringement.  Defendant's Sixth Affirmative Defense cannot succeed in defeating any portion of Plaintiff's claim and it is therefore not properly asserted as an affirmative defense.  Accordingly, Defendant's Sixth Affirmative Defense should be stricken. *See also Parker v. Rockies Exp. Pipeline LLC*, 2012 WL 4762138 (S.D. Ind. 2012)

("Whether a defense is affirmative hinges on if it contradicts an element of the plaintiff's *prima facie* case or introduces matters outside the scope of the plaintiff's *prima facie* case.")

### III.     CONCLUSION

For each of the foregoing reasons, Defendant's Affirmative Defenses should be stricken or summarily dismissed, as appropriate.

**WHEREFORE,** Plaintiff, Malibu Media, LLC respectfully requests entry of an order:

(A)     Granting Plaintiff's Motion to Strike or Summarily Dismiss Defendant's Affirmative Defenses;

(B)     Striking or summarily dismissing Defendant's Affirmative Defenses; and

(C)     Granting Plaintiff such other and further relief as this Court deems just and proper.

Dated:  March 4, 2013

Respectfully submitted,

NICOLETTI & ASSOCIATES, PLLC

By:     /s/ *Paul J. Nicoletti*
Paul J. Nicoletti, Esq. (P44419)
36880 Woodward Ave, Suite 100
Bloomfield Hills, MI 48304
Tel:  (248) 203-7800
Fax:  (248) 203-7801
E-Fax: (248) 928-7051
Email:  paul@nicoletti-associates.com
*Attorneys for Plaintiff*

### CERTIFICATE OF SERVICE

I hereby certify that on March 4, 2013 I electronically filed the foregoing document with the Clerk of the Court using CM/ECF and that service was perfected on all counsel of record and interested parties through this system.

By:     /s/ *Paul J. Nicoletti*