UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| MALIBU MEDIA, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| JEREMY  COTTON, | ) | |
| CONNIE  FELONGCO, | ) | |
| TERESA  STEPHENSON, | ) | |
| CHRIS  MINOR, | ) | |
| SIWEI  LI, | ) | |
| DERICK  BROOKS, | ) | No. 1:12-cv-00845-TWP-MJD |
| JOHN  DOE #16, | ) | |
| JOHN  DOE #17, | ) | |
| JOHN  DOE #20, | ) | |
| JOHN  DOE #23, | ) | |
| JOHN  DOE #24, | ) | |
| JOHN  DOE #29, | ) | |
| KAREN  GARRETT, | ) | |
| | ) | |
| Defendants. | ) | |

## ENTRY ON DEFENDANT FERNANDES' MOTION FOR ATTORNEY'S FEES

This matter is before the Court on Defendant Neville Fernandes' Motion for Attorney's

Fees. [Dkt. 162.] The Court, being duly advised, **DENIES** Defendant's Motion.

Defendant Neville Fernandes moves for an award of attorney's fees and costs pursuant to

17 U.S.C. § 505. The facts surrounding the matter are not in dispute. Plaintiff filed a Complaint

under the Copyright Act (17 U.S.C. §§ 101 et seq.) on June 18, 2012 against 29 unnamed

defendants, knowing only the defendants' IP addresses. After subpoenaing Comcast, an internet

service provider, to obtain the names and addresses of the owners of the IP addresses, Comcast

identified Defendant Fernandes as Doe 11 with IP address 68.57.227.1, residing at 7040

Forrester Lane, Indianapolis, IN 46217. In Plaintiff's Amended Complaint, Plaintiff named

Defendant Fernandes as a defendant. The summons and complaint was served by a process

server, who indicated that, on November 17, 2012 at 9:24 a.m., she personally served Defendant

Fernandes and had no reason otherwise to believe that it was not him. Defendant subsequently

filed a motion to dismiss for lack of personal jurisdiction, asserting residence in North Carolina.

Plaintiff filed a voluntary dismissal without prejudice against Defendant Fernandes on February

27, 2013. Defendant Fernandes now seeks attorney's fees pursuant to 17 U.S.C. § 505.

17 U.S.C. § 505 states that "the court may . . . award a reasonable attorney's fee to the

prevailing party as part of the costs." The Supreme Court has determined that to be a "prevailing

party," one must have been awarded some relief by a court. *Buckhannon Bd. and Care Home,*

*Inc. v. W. Va. Dep't. of Health and Human Res. et al.*, 532 U.S. 598 (2001). That Court also

provided that judgments on the merits and court-ordered consent decrees are things that "create a

material alteration of the parties' legal relationship and thus permit an award." *Id*. at 603-04. The

Court rejected the "catalyst theory" which allows an award where there is no "*judicially*

*sanctioned* change in the parties' legal relationship." *Id.* at 605 (emphasis added). The Seventh

Circuit has since adopted this rejection of the catalyst theory. *Walker v. Calumet City, Ill.*, 565

F.3d 1031, 1033 (7th Cir. 2009); *Bingham v. New Berlin Sch. Dist.*, 550 F.3d 601, 603 (7th Cir.

2008); *Southworth v. Bd. of Regents of University of Wisconsin System*, 376 F.3d 757, 771 (7th

Cir. 2004). In fact, the Seventh Circuit has held that to be a prevailing party, the material

alteration must arise from a court order. *Walker*, 565 F.3d at 1033; *Southworth*, 376 F.3d at 771.

Defendant has not demonstrated that he is a prevailing party. Defendant urges this Court

not to follow *Buckhannon* as the Court only discussed prevailing plaintiffs and not prevailing

defendants; however, the Supreme Court determined in *Fogerty v. Fantasy, Inc.*, 510 U.S. 517,

2

534 (1994) that under the Copyrights Act, a prevailing plaintiff and a prevailing defendant are to be treated the same.  Therefore, *Buckhannon* is controlling. Defendant also argues that an award of attorney's fees is in the discretion of the court. While that is true, *Fogerty*, 510 U.S. at 534, as a threshold matter, it must be determined whether Defendant is a prevailing party. *See generally Buckhannon*, 532 U.S. 598 (holding that an award of attorney's fees is not an automatic right absent a judicially sanctioned change in the parties' legal status).

Plaintiff voluntarily dismissed the Complaint against Defendant without prejudice. Under the Federal Rules of Civil Procedure, a voluntary dismissal can be had by the plaintiff without a court order, Fed. R. Civ. P. 41(a)(1), or by court order, Fed. R. Civ. P. 41(a)(2). Here, the voluntary dismissal was not done by court order, but by filing a notice of dismissal, in accordance with Fed. R. Civ. P. 41(a)(1). [Dkt. 153.] The Court did not take any action with regard to the dismissal other than "acknowledging" it. [Dkt. 155.] The Court's acknowledgment of the voluntary dismissal does not rise to the level of being awarded relief by the court, and certainly cannot be considered a "court ordered" dismissal.

Further, there has not been a material alteration in the legal status of the parties. Plaintiff dismissed the Complaint after Defendant filed the motion to dismiss for lack of personal jurisdiction. Plaintiff concedes that the Southern District of Indiana may not have personal jurisdiction over Defendant, however, that does not prevent Plaintiff from re-filing in a different jurisdiction or even in this jurisdiction as the claim was dismissed without prejudice. Therefore, there is also no material alteration in the legal relationship of the parties. The Defendant argues that Plaintiff could not re-file suit against him because the action is now barred by the statute of limitations; thus, creating a material alteration in the legal relationship of the parties. Assuming arguendo that Defendant is correct, Plaintiff's voluntary dismissal was not done at the direction

3

of the Court. "A [party's] voluntary change in conduct, although perhaps accomplishing what the [opposing party] sought to achieve by the lawsuit, lacks the necessary judicial *imprimatur* on the change." *Buckhannon*, 532 U.S. at 605. Because Defendant is not a prevailing party, he is not entitled to attorney's fees.

For the aforementioned reasons, Defendant Fernandes' Motion for Attorney Fees is hereby **DENIED**.

Date:        04/29/2013

Mark J. Dinsmore
United States Magistrate Judge
Southern District of Indiana

Distribution:

DERICK  BROOKS
529 South 9th Street
Lafayette, IN 47901

SIWEI  LI
2427 Neil Armstrong Drive, 1A
West Lafayette, IN 47906

Tony Allen Gibbens
BRANNON ROBINSON SOWERS HUGHEL & DOSS PC
tag@brannonrobinson.com

David Scott Klinestiver
LEWIS & KAPPES
dklinestiver@lewis-kappes.com

Paul J. Nicoletti
NICOLETTI & ASSOCIATES, P.C.
paul@nicoletti-associates.com

Paul B. Overhauser
OVERHAUSER LAW OFFICES, LLC
poverhauser@overhauser.com

David W. Hamilton
ROWE & HAMILTON
dham@indy.net

Kyle C. Persinger
SPITZER HERRIMAN STEPHENSON HOLDEREAD MUSSER & CONNER LLP
kpersinger@shshlaw.com