IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

MALIBU MEDIA, LLC,

    Plaintiff,

v.                                                                    Civil Action No. 1:12-cv-00845-TWP-MJD

ANDREW LEIGHTNER, KENNETH REESE,
LUCIAN SAVULESCU, DAN COROIAN,
JEREMY COTTON, NEVILLE FERNANDES,
DANIEL PITTMAN, JERRY RICHEY,
CONNIE FELONGCO, TERESA
STEPHENSON, KIRAN POULSEN, CHRIS
MINOR, SIWEI LI, DERICK BROOKS,
KAREN GARRETT and JOHN DOES 16, 17,
20, 23, 24 and 29,

    Defendants.
_____/

**DEFAULT JUDGMENT AND**
**PERMANENT INJUNCTION AGAINST JEREMY COTTON**

THIS CAUSE is before the Court on Plaintiff's Motion for Default Judgment Against Jeremy Cotton ("Motion"). Having considered the Motion, being otherwise duly advised in the premises, and good cause appearing, the Court hereby

**FINDS**:

1. The address of Plaintiff is:

    409 W. Olympic Boulevard
    Suite 501
    Los Angeles, CA 90015

2. The name and address of Defendant is:

Jeremy Cotton
5229 W. 300 S
Russiaville, IN 46979

3. This Court has jurisdiction over the subject matter of this case and the parties.

4. Venue is proper in this District.

5. The Second Amended Complaint states claims for direct copyright infringement, in violation of 17 U.S.C. § 106, and contributory copyright infringement upon which relief may be granted against Defendant.

6. Defendant has failed to plead or otherwise defend against Plaintiff's Second Amended Complaint in this action.

7. Default was entered as to Defendant Jeremy Cotton on February 5, 2013.

8. Defendant is not a minor, incompetent person or in active military service.

9. By reason of default, Defendant has admitted the truth of the allegations in Plaintiff's Second Amended Complaint.

10. Under Count I of the Second Amended Complaint, Defendant is hereby found liable to Plaintiff for willfully committing direct copyright infringement.

11. Under Count II of the Second Amended Complaint, Defendant is hereby found liable to Plaintiff for willfully committing contributory copyright infringement.

12. Defendant will continue to cause Plaintiff irreparable injury. Specifically, there is an existing threat of continued violations of Plaintiff's exclusive rights to reproduce, distribute, perform and display the copyrighted work listed on Exhibit A attached hereto (the "Work") through Defendant's use of the BitTorrent protocol to upload and download the Work between and among peer users without authorization from Plaintiff.

13. There will be no injury to Defendant caused by entry of a permanent injunction requiring Defendant to cease infringing Plaintiff's Work.

14. Entry of a permanent injunction against Defendant is in the public interest because it "preserv[es] the integrity of copyright laws which encourage individual effort and creativity by granting valuable enforceable rights." *DSC Communications Corp. v. DGI Technologies*, 898 F. Supp.1183, 1196 (N.D. Tex. 1995).

15. In accordance with Rule 65(d), Federal Rules of Civil Procedure, this Default Judgment shall be binding upon Defendant and all other persons in active concert or participation with Defendant who receive actual notice of this Default Judgment.

16. Plaintiff has submitted a Declaration demonstrating that Plaintiff expended a total of $4,020.00 in attorneys' fees and costs, which amount this Court finds reasonable.

Based on the foregoing findings, it is:

**ORDERED AND ADJUDGED** that Defendant Jeremy Cotton:

(a) shall pay to Plaintiff the sum of $20,000.00 in statutory damages, as authorized under 17 U.S.C. § 504(c)(1), and $2,010.00 (which is one-half of $4,020.00) for attorneys' fees and costs, as authorized under 17 U.S.C. § 505, making a total of $22,010.00, **for which let execution issue forthwith**;

(b) shall pay to Plaintiff post-judgment interest at the current legal rate allowed and accruing under 28 U.S.C. § 1961 as of the date of this Default Judgment until the date of its satisfaction;

(c) be and hereby is enjoined from directly, contributorily or indirectly infringing Plaintiff's rights under federal or state law in the Work, including, without limitation, by using the internet, BitTorrent or any other online media distribution system to reproduce (e.g.,

download) or distribute the Works, or to make the Work available for distribution to the public, except pursuant to a lawful license or with the express authority or Plaintiff.

(d) Be and is hereby ordered to destroy all copies of Plaintiff's works that the Defendant Jeremy Cotton has downloaded onto any computer hard drive or server without Plaintiff's authorization, and shall destroy all copies of the Works transferred onto any physical medium or device in Defendant Jeremy Cotton's possession, custody, or control.

**DONE AND ORDERED** this day: 05/13/2013 _____.

_____
Hon. Tanya Walton Pratt, Judge
United States District Court
Southern District of Indiana

Distribution:

Paul J. Nicoletti
NICOLETTI & ASSOCIATES, P.C.
paul@nicoletti-associates.com

Jeremy Cotton
5229 W. 300 S
Russiaville, IN 46979