UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| MALIBU MEDIA, LLC, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | |
| TERESA STEPHENSON, ) | |
| CHRIS MINOR, ) | No. 1:12-cv-00845-TWP-MJD |
| SIWEI LI, ) | |
| DERICK BROOKS, ) | |
| KAREN GARRETT, ) | |
| ) | |
| Defendants. ) | |

**Order on Plaintiff's Motion to Strike**

This matter is before the Court on Plaintiff's Motion to Strike or Summarily Dismiss Defendant's Affirmative Defenses [Dkt. 159]. The Court being duly advised, **DENIES** Plaintiff's Motion.

Defendant Teresa Stephenson asserted six affirmative defenses: "[1.] Plaintiff's Complaint fails to state a claim upon which relief can be granted. [2.] The asserted copyrights are invalid and/or unenforceable for failure to satisfy or comply with one or more the requirements of 17 U.S.C. et seq. [3.] Plaintiff's claims are barred in whole or in part under principles of equity, including, without limitation, by the doctrines of collateral estoppel, judicial estoppel, unclean hands, misconduct, laches, waiver (express and implied), and/or other equitable doctrines. [4.] Plaintiff's claims for relief are barred by the doctrines of express or implied license and/or fair use. [5.] Plaintiff's claims are barred in whole or in part by the licenses from Plaintiff. [6.] Plaintiff has misjoined the Defendants." [Dkt. 137 at 2.]

1

Regarding Defendant's first affirmative defense, Plaintiff argues that the Court should strike this defense because Plaintiff has properly pled a prima facie case of copyright infringement and thus states a claim upon which relief can be granted. The Court refuses to strike the defense on this ground. This defense is specifically identified under Fed. R. Civ. P. 12(b)(6). The Rules allow for a party to raise the defense of "failure to state a claim upon which relief can be granted" in the responsive pleading. Fed. R. Civ. P. 12(b), (h)(2)(A). It is also a nonwaivable defense and may be asserted at any time. Simply asserting that defense in the responsive pleading is a mere nullity; it has absolutely no effect on the outcome of the proceedings without some factual and legal support. The Court will not penalize defendants for asserting this defense when the Rules are permissive on the matter and the pleading complies with Form 30. *J &J Sports Productions, Inc. v. Munoz*, 2011 WL 2881285, *2 (S.D. Ind. 2011). Typically, parties simply ignore this assertion as harmless. *See Leon v. Jacobson Transportation Co. Inc.*, 2010 WL 4810600, *1 (N.D. Ill. 2010). The Court will not rule on the merits of Defendant's Rule 12(b)(6) defense unless and until the Defendant has, by motion, provided facts and/or legal authority to support this defense. Accordingly, Defendant's Motion to Strike Defendant's First Affirmative Defense is **DENIED**.

Plaintiff argues that the remainder of Defendant's affirmative defenses must be stricken because they are merely barebones allegations which omit any short and plain statement of facts and failed to allege the necessary elements of the alleged claims. *Parker v. Rockies Express Pipeline*, 2012 WL 4762138, *2 (S.D. Ind. 2012) (citations omitted); *Heller Fin., Inc. v. Midwhey Powder Co., Inc.*, 883 F.2d 1286, 1295 (7th Cir. 1989).[1]

---

[1] Although not argued, the Court need not look to whether the plausibility standard in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) apply to affirmative defenses. As a threshold matter, the Court examines whether Defendant's affirmative defenses rise to the standard in *Heller* before meeting the plausibility standard in *Twombly* and *Iqbal*.

The Federal Rules of Civil Procedure require a party to "state in short and plain terms its defenses to each claim asserted against it." Fed. R. Civ. P. 8(b)(1)(A). A party must also affirmatively state any avoidance or affirmative defense in the responsive pleading. Fed. R. Civ. P. 8(c)(1). "The court may strike from a pleading an insufficient defense or any redundant, immaterial impertinent, or scandalous matter" either on its own or by motion. Fed. R. Civ. P. 12(f). However, motions to strike are generally disfavored as they potentially serve only to delay. *Heller*, 883 F.2d at 1294. "But where motions to strike remove unnecessary clutter from the case, they serve to expedite, not delay." *Id*. Meritless defenses that are nothing but barebones conclusory allegations that omit any short and plain statements of fact and/or fail to allege the necessary elements of the alleged defenses are insufficient pleadings for which the Court may strike. *Id*. at 1295.

Here, Defendant's affirmative defenses are nothing but barebones conclusions. The defenses are so vague and ambiguous that it would be impossible for Plaintiff to reasonably prepare a response thereto. Defendant provides no facts whatsoever to support these defenses. Defendant "denies each and every allegation" of Plaintiff's Amended Complaint – with the exception of subject matter jurisdiction, personal jurisdiction, venue and Defendant's own address – and does not assert any facts of her own to support the defenses or rebut the allegations. Therefore, Defendant's affirmative defenses do not meet the standard set forth in *Heller*. However, the Court is reluctant to strike the pleadings without giving the Defendant a chance to amend his answer.

Accordingly, the Court will treat Plaintiff's motion as a motion for a more definite statement under Rule 12(e) and orders Defendant to amend his answer and affirmative defenses within 14 days of the date of this Order so as to comply with the requirements of *Heller*.

Therefore, Plaintiff's Motion to Strike Defendant's Affirmative Defenses is **DENIED** as premature.

Date: 06/10/2013

Mark J. Dinsmore
United States Magistrate Judge
Southern District of Indiana

Distribution:

DERICK BROOKS
529 South 9th Street
Lafayette, IN 47901

SIWEI LI
2427 Neil Armstrong Drive, 1A
West Lafayette, IN 47906

Tony Allen Gibbens
BRANNON ROBINSON SOWERS HUGHEL & DOSS PC
tag@brannonrobinson.com

David Scott Klinestiver
LEWIS & KAPPES
dklinestiver@lewis-kappes.com

Paul J. Nicoletti
NICOLETTI & ASSOCIATES, P.C.
paul@nicoletti-associates.com

Paul B. Overhauser
OVERHAUSER LAW OFFICES, LLC
poverhauser@overhauser.com

David W. Hamilton
ROWE & HAMILTON
dham@indy.net

Kyle C. Persinger

SPITZER HERRIMAN STEPHENSON HOLDEREAD MUSSER & CONNER LLP
kpersinger@shshlaw.com