UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| MALIBU MEDIA, LLC, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>TERESA STEPHENSON, )<br>CHRIS MINOR, )<br>SIWEI LI, )<br>DERICK BROOKS, )<br>KAREN GARRETT, )<br>)<br>Defendants. ) | No. 1:12-cv-00845-TWP-MJD |

**Order on Plaintiff's Motion to Strike**

This matter is before the Court on Plaintiff's Agreed Motion to Strike Defendant's First Affirmative Defense for Failure to State a Claim for Relief [Dkt. 160]. The Court being duly advised, **DENIES** Plaintiff's Motion.

Defendant Kenneth Reese asserts three affirmative defenses, the first being that "Plaintiffs have failed to state a claim upon which relief may be granted in its Third Amended Complaint as to Defendant, Kenneth Reese." [Dkt. 139 at 12.] Plaintiff's motion indicates that on the date the motion was filed, the "undersigned contacted adverse counsel and notified him of Plaintiff's intent to file a motion to strike Defendant's First Affirmative Defense . . . In response to Plaintiff, adverse counsel voluntarily agreed to striking the affirmative defense." [Dkt. 160.] Defendant did not file a response to Plaintiff's motion.

The Court will not strike this affirmative defense, whether or not the opposing party "voluntarily agrees." This defense is specifically identified under Fed. R. Civ. P. 12(b)(6). The Rules allow for a party to raise the defense of "failure to state a claim upon which relief can be

1

granted" in the responsive pleading. Fed. R. Civ. P. 12(b), (h)(2)(A). It is also a nonwaivable defense and may be asserted at any time. Simply asserting that defense in the responsive pleading is a mere nullity; it has absolutely no effect on the outcome of the proceedings without some factual and legal support. The Court will not penalize defendants for asserting this defense when the Rules are permissive on the matter and the pleading complies with Form 30. *J &J Sports Productions, Inc. v. Munoz*, 2011 WL 2881285, *2 (S.D. Ind. 2011). Typically, parties simply ignore this assertion as harmless. *See Leon v. Jacobson Transportation Co. Inc.*, 2010 WL 4810600, *1 (N.D. Ill. 2010). The Court will not rule on the merits of Defendant's Rule 12(b)(6) defense unless and until the Defendant has, by motion, provided facts and/or legal authority to support this defense. Accordingly, Plaintiff's Motion to Strike Defendant's First Affirmative Defense is **DENIED**.

Date: 06/10/2013

Mark J. Dinsmore
United States Magistrate Judge
Southern District of Indiana

Distribution:

DERICK BROOKS
529 South 9th Street
Lafayette, IN 47901

SIWEI LI
2427 Neil Armstrong Drive, 1A
West Lafayette, IN 47906

Tony Allen Gibbens
BRANNON ROBINSON SOWERS HUGHEL & DOSS PC
tag@brannonrobinson.com

David Scott Klinestiver
LEWIS & KAPPES
dklinestiver@lewis-kappes.com

Paul J. Nicoletti

3

NICOLETTI & ASSOCIATES, P.C.
paul@nicoletti-associates.com

Paul B. Overhauser
OVERHAUSER LAW OFFICES, LLC
poverhauser@overhauser.com

David W. Hamilton
ROWE & HAMILTON
dham@indy.net

Kyle C. Persinger
SPITZER HERRIMAN STEPHENSON HOLDEREAD MUSSER & CONNER LLP
kpersinger@shshlaw.com