# UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT INDIANA

| | |
|---|---|
| MALIBU MEDIA, LLC, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 1:12-cv-00845-TWP-MJD |
| | ) |
| TERESA STEPHENSON, | ) |
| CHRIS MINOR, SIWEI LI, | ) |
| DERICK BROOKS, and | ) |
| KAREN GARRETT, | ) |
| | ) |
| Defendants. | ) |

**DEFENDANT, CHRIS MINOR'S AMENDED ANSWER TO**
**AMENDED COMPLAINT AND AFFIRMATIVE DEFENSES**

Defendant, Chris Minor, files this Amended Answer to Plaintiff's Amended Complaint (Dkt. 124) as follows:

1. Defendant, Chris Minor, denies each and every allegation of the Amended Complaint, except as follows:

    a. Defendant admits that he resides at 1208 North Washington Street, Danville IN 46122;

    b. Defendant admits that this Court has original jurisdiction;

    c. Defendant admits that this Court has personal jurisdiction;

    d. Defendant admits that the venue is proper.

**<u>AFFIRMATIVE DEFENSES</u>**

2.	Plaintiff's Complaint fails to state a claim upon which relief can be granted. As just one example, the Second Amended Complaint (Doc. 124) does not allege that Defendant copied the registered work.  At most, it only alleges in ¶ 52(A) that Defendant copied "a piece" of Plaintiff's copyright work, and in ¶ 53 that Defendant's computers were used to transmit "a portion" of a "digital media file." Such "portions have been found to be an "unusable chunk of zeroes and ones. And as part of its prima facie copyright claim, Plaintiff must show that Defendants copied the copyrighted work. *Feist Publ'ns, Inc. v. Rural Tel. Serv. Co.*, 499 U.S. 340, 361 (1991)."  In *Ingenuity 13, LLC v. John Doe*, Order To Show Cause Re Sanctions, 2:12-cv-8333-ODW (CD CA, February 7, 2013).

3.	Upon information and belief, the asserted copyrights are not owned by Plaintiff, or are invalid and/or unenforceable for failure to satisfy or comply with one or more the requirements of 17 U.S.C. et seq.  For example, Plaintiff has been known to file copyright applications alleging it is the owner as a "work make for hire" of pornographic movies that were published as of certain dates, when in fact, Plaintiff was not even organized as a legal entity as of that date.  Plaintiff was not organized as a legal entity until February 11, 2011.

4.	Plaintiff's claims are barred in whole or in part under principles of equity, including, without limitation, by the doctrines of collateral estoppel, judicial estoppel, unclean hands, misconduct, laches, waiver (express and implied), and/or other equitable doctrines.  As to estoppel, other courts have found that virtually identical claims of infringement based on copying only a "piece" or "portion" of a copyrighted work is insufficient to establish infringement, as it only alleges copying an "unusable chunk of zeroes and ones. And as part of its prima facie

copyright claim, Plaintiff must show that Defendants copied the copyrighted work. *Feist Publ'ns, Inc. v. Rural Tel. Serv. Co.*, 499 U.S. 340, 361 (1991)." In *Ingenuity 13, LLC v. John Doe*, Order To Show Cause Re Sanctions, 2:12-cv-8333-ODW (CD CA, February 7, 2013).

Upon information and belief, Plaintiff "self-seeds" or uploads its movies to BitTorrent servers, the monitors them to identify which IP addresses downloads them. This is evidence in part by more specific filings Plaintiff has made in other infringement suits it has filed. For example in one such suit, Plaintiff alleges that the movies were downloaded within days of when they were published:

| Title | Registration Number | Date of First Publication | Registration Date | Most Recent Hit UTC |
|---|---|---|---|---|
| A Day to Remember | PA0001811850 | 10/22/2012 | 10/26/2012 | 11/04/2012 |
| A Girls Fantasy | PA0001819294 | 12/23/2012 | 01/01/2013 | 12/22/2012 |
| A Little Rain Must Fall | PENDING | 01/23/2013 | 01/27/2013 | 01/22/2013 |
| A Love Story | PA0001819296 | 12/18/2012 | 12/31/2012 | 12/22/2012 |
| First Love | PA0001806476 | 09/05/2012 | 09/25/2012 | 10/13/2012 |
| Flexible Beauty | PA0001811853 | 10/19/2012 | 10/26/2012 | 10/21/2012 |
| Heart and Soul | PA0001815353 | 11/24/2012 | 11/30/2012 | 11/26/2012 |

Thus, it appears that Plaintiff begins monitoring BitTorrent servers for downloads of movies by others immediately after it "publishes" them, and, it knows exactly which servers to monitor. The most likely explanation for how Plaintiff knows which to monitor BitTorrent servers for downloads is that Plaintiff itself made its movies publicly accessible on the Internet and available for downloading by the public. The practice of BitTorrent plaintiffs such as Malibu Media "self-seeding" BitTorrent servers to encourage others to download files has been forensically established in other cases, such as in *First Time Videos, LLC v. Oppold*, MD Fl, case 6:12-cv-01493, in which expert Delvan Neville concludes at Doc. 37-11 that:

3

it is my belief that the purpose of sharing the file by sharkmp4 appears to have been in an effort to induce infringement for the purposes of monetization of copyrights of commercially low value.

Upon information and belief, the present Plaintiff also self-seeds BitTorrent servers. If this is what occurred, Plaintiff should be deemed to have granted an implied or express license for others, including Defendant, to download the movies, and or waived its right to pursue infringement claims. In addition, Plaintiff should be deemed to have unclean hands which bar relief.

5. Plaintiff has misjoined the Defendants, as each has individualized defenses, making joinder improper. See, e.g., Order Severing Defendants, *Malibu Media, LLC v. John Doe 5, 6, 9, 12*, Case 1:12-cv-263 (ND IN, 5/21/13 (Doc. 113)).

Respectfully submitted,

Overhauser Law Offices, LLC

By: _s/Paul B. Overhauser
    Paul B. Overhauser
    Overhauser Law Offices, LLC
    740 West Green Meadows Drive
    Suite 300
    Greenfield, IN 46140
    (317) 891-1500
    (866) 283-8549 – Fax
    poverhauser@overhauser.com
    *Attorney for Defendant, Chris Minor*

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing is being filed electronically, and notice hereof will automatically be sent to all counsel of record that participate in electronic filing, by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

By:    _s/Paul B Overhauser_____
        Paul B. Overhauser