**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT INDIANA**

| | |
|---|---|
| MALIBU MEDIA, LLC, )<br>)<br>　　Plaintiff, )<br>)<br>v. )<br>)<br>ANDREW LEIGHTNER, KEVIN DEMPSEY, )<br>KENNETH REESE, CARL RUDY, LUCAS )<br>SHULTZ, LUCIAN SAVULESCU, DAN )<br>COROIAN, JIM GENDRON, JEREMY )<br>COTTON, NEVILLE FERNANDES, DANIEL )<br>PITTMAN, JAY GARRETT, JERRY RICHEY, )<br>CONNIE FELONGCO, TERESA )<br>STEPHENSON, KIRAN POULSEN, CHRIS )<br>MINOR, SIWEI LI, DERICK BROOKS, )<br>CLARISSA HENDERSHOT and JOHN DOES )<br>14, 16, 17, 20, 23, 24 and 29. )<br>)<br>　　Defendants. )<br>　　　　　　　　　　　　　　　　　　　) | Civil Case No. 1:12-cv-00845-TWP-MJD |

**PLAINTIFF'S MOTION TO STRIKE A PORTION OF DEFENDANTS CHRIS MINOR AND TERESA STEPHENSON'S MOTION TO REQUIRE PLAINTIFF TO POST BOND [CM/ECF 194]**

　　　　Plaintiff, Malibu Media, LLC ("Plaintiff") by and through undersigned counsel and pursuant to Fed. R. Civ. P. 12(f) hereby moves for the entry of an order striking the "Background of the Suit" section and Exhibits 4, 12 and 13 in Defendant Chris Minor and Teresa Stephenson's ("Defendants") Motion to Require Plaintiff to Post Bond, and files this memorandum in support:

　　**I.　　INTRODUCTION**

　　　　Defendants' Motion to Require Plaintiff to Post Bond [CM/ECF 194] is filed in bad faith in an attempt to inflame the court.  Indeed, prior to filing the Motion, adverse counsel made repetitive threats to undersigned in an attempt to bully undersigned into dismissing his clients. Accordingly, Plaintiff filed an Emergency Motion to Set a Telephonic Status Conference on May

1

16, 2013 [CM/ECF 192]. Refusing to listen to and accept actual facts despite numerous proffers from Plaintiff, Defendants have filed a Motion replete with irrelevant and scandalous accusations and falsehoods in an attempt to distract and mislead the Court. Defendants pervasive references to wholly unrelated entities, individuals, and cases is solely intended to bilk the Court into ruling in their favor based upon antipathy toward Plaintiff and undersigned. This Court should reject such efforts. For the foregoing reasons, as explained more fully below, this Court should grant Plaintiff's Motion to Strike.

## II.     MALIBU MEDIA PRODUCES AND OWNS ITS OWN CONTENT

Colette Pelissier Field, with her husband Brigham Field, are the owners of Malibu Media and began their business from scratch. Field Declaration at ¶ 3 (Exhibit A). Ms. Field was a real estate agent and Mr. Field was a photographer. *Id*. at ¶ 4. When the real estate market started heading south, Ms. Field knew she and her husband needed to start a business together. *Id*. at ¶ 5. The Fields both felt that there was a lack of adult content that was beautiful and acceptable for women and couples. *Id*. at ¶ 6. The Fields wanted to create this type of content to satisfy what they hoped was an unfulfilled demand. *Id*. Their goal was to create erotica that is artistic and beautiful. *Id*. at ¶ 7. The Fields chose the name 'X-Art' to reflect their artistic aspirations, and began investing all of their available money and resources into the production of content – particularly erotic movies with high production value and a cinematic quality. *Id.* at ¶ 8.

Their vision has become a huge success. Currently, X-Art.com has tens of thousands of members. *Id.* at ¶ 15. Their customers pay a monthly subscription fee of $19.95 or an annual subscription fee of $99.95 to access their library of HD Video content. *Id*. at ¶ 12. Internet subscription sales are and have always been by far X-Art's primary source of revenue. *Id*. at ¶ 13. The Fields invest millions of dollars a year producing content and running X-Art.com. *Id*. at

¶ 14.  They have invested millions of dollars into their business in order to produce the best quality product.  *Id*. at ¶ 16.  For the first three years (when their site was not as popular) they did not have as many issues with piracy.  *Id.* at ¶ 17.  Now that their videos are highly desirable, more people steal their videos than pay for a subscription.  *Id*.  Malibu Media has even started to receive many complaints from its members asking why they should pay to subscribe when Malibu Media's movies are available for free through BitTorrent.  *Id*. at ¶ 18.  Plaintiff Malibu Media has filed suit in this judicial District and in judicial districts across the country seeking to deter and stop the infringement.  Malibu Media has no other choice.

### III.     LEGAL STANDARD

The Court may strike from a pleading "any redundant, immaterial, impertinent, or scandalous matter." *Fed. R. Civ. P. 12(f)*.  "Allegations may be stricken as scandalous if the matter bears no possible relation to the controversy or may cause the objecting party prejudice." *Talbot v. Robert Matthews Distrib. Co.*, 961 F.2d 654, 664 (7th Cir. 1992) (holding that the district court properly struck allegations that were "devoid of factual basis").  Further, "the word 'scandalous' in Rule 12(f) 'generally refers to any allegation that unnecessarily reflects on the moral character of an individual or states anything in repulsive language that detracts from the dignity of the court.'" *Johnson v. Cnty. of Macomb*, 2008 WL 2064968 at *1 (E.D. Mich. 2008).  Further, "[a]ccording to the case law, 'impertinent' matter consists of statements that do not pertain, and are not necessary, to the issues in question."  5C Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure § 1382* (3d ed.).  Motions to strike are properly granted where, "the challenged allegations are so unrelated to the present claim as to be void of merit and unworthy of consideration."  *Geschke v. Air Force Ass'n*, 2002 WL 31253746 (N.D. Ill. 2002) (striking portions of complaint as immaterial and irrelevant).

IV. **DEFENDANTS' "BACKGROUND OF THE SUIT" SECTION AND EXHIBITS 4, 12 AND 13 ARE IMMATERIAL, IMPERTINENT, AND SCANDALOUS AND SHOULD BE STRICKEN**

Defendants' Motion contains the exact type of immaterial, impertinent, and scandalous content that Rule 12(f) is intended to dispose of. Defendants' "Background of the Suit," starting on page 8 and continuing to page 11 is not at all a procedural history of the case. In fact, it contains no background to this lawsuit whatsoever. Instead, Defendants have dedicated nearly one-fifth of their Motion to attempting to cast Plaintiff and its counsel in a disparaging light by attempting to associate Plaintiff with entirely unrelated persons and entities. For example, on page 8 Defendants wrongly assert that "BitTorrent attorneys in various regions *work closely with each other*. For example, in one Patrick Collins case, the Steele Hansmeier Firm provided an *amicus brief*." *Motion*, p. 8 (emphasis added). First, Patrick Collins, Inc. has nothing to do with this suit brought by Malibu Media, LLC, and neither does the Steele Hansmeier law firm. Plaintiff has no connection whatsoever to any of the attorneys or entities who were recently sanctioned by Judge Wright in California, and any attempt to claim or infer otherwise is blatantly false. Additionally, although less significant, filing an *amicus brief* does not establish that the filer and the involved parties "work closely with each other" or even that there is any connection at all. This erroneous conclusion, is an attempt to impart the fiction that Plaintiff is involved with some fraudulent scheme perpetrated by persons and entities involved with unrelated BitTorrent copyright infringement litigation. Including this type of false information and erroneous argument in Defendant's motion, is scandalous and prejudicial to Plaintiff.

Defendants' references to attorney M. Keith Lipscomb from Florida on pages 9 and 10 are also immaterial, impertinent, and prejudicial and should be stricken. Such references are yet another attempt to introduce irrelevant information into this case in order to cast doubt on the

4

veracity of Plaintiff's lawsuits and motivation for bringing suit. Specifically, Defendant makes the foundationless assertion that "[m]any BitTorrent claims are initiated not by the copyright owner, but by the opportunistic attorney in the Lipscomb/Nicoletti enterprise." *Defendant's Motion*, p. 9. Undersigned counsel is the attorney in charge of this case and all cases filed by Plaintiff in this District. Mr. Lipscomb's only role in the lawsuits brought by Malibu Media is to coordinate and monitor. Doing so is contrary to neither bar rules nor law.

Regarding the quoted section of one of Mr. Lipscomb's e-mails at the top of Defendants' page 10, Mr. Lipscomb informed undersigned that this language was an isolated incident of "hardball" litigation tactics spurred by an adverse counsel's obstinate and persistent unethical conduct. Should the Court deem it necessary to delve deeper into this two year old immaterial and impertinent matter, undersigned would be glad to provide all information relevant to the facts and circumstances surrounding the subject e-mail communication.[1] However, neither references to Mr. Lipscomb nor his e-mail to an adverse counsel in an unrelated Florida state court case have any bearing on the issues here. Accordingly, such references should be stricken.

Defendants further attempt to inflame the court on page 10 by attacking undersigned personally and appending to the Motion Defendants' "Exhibit 13" which contains nineteen (19) pages of documents entirely unrelated to the instant litigation and intended solely to embarrass undersigned and embitter the Court.[2] Defendants are attempting to improperly persuade the Court to rule in their favor without examining the merits of Defendant's Motion and instead, rule

---

[1] In short, in that case, an adverse counsel had intentionally interfered with Mr. Lipscomb's plaintiff's rights by appearing on behalf of 317 copyright infringers with whom adverse counsel did not have a direct relationship. By taking this action, adverse counsel effectively blocked Mr. Lipscomb's ability to bring suit for copyright infringement on behalf of his client. Adverse counsel's behavior in falsely claiming to represent defendants was an unethical violation of relevant state law and bar rules. Mr. Lipscomb eventually filed a motion for sanctions against adverse counsel under Fla. Stat. § 57.105, resulting in remedial measures by adverse counsel. In light of the turbulent and contentious proceedings in that case, Defendants' presentation of a highlighted section of a single e-mail taken out of context is misleading and prejudicial.

[2] Undersigned notes that a majority of these cases are between 10-16 years old.

based upon unwarranted distaste for Plaintiff and its counsel.  There is simply no other reason why Defendant's Motion contains a total of two-hundred (200) pages of exhibits, only three of which have any relevance to the facts or issues at hand in this particular case and Defendants' Motion.  *See Defendant's Exhibits 3, 7, and 8.*  The appended immaterial and impertinent exhibits are prejudicial to Plaintiff and are intended to harass.

Undersigned notes that a number of judges have expressly recognized that neither undersigned nor Plaintiff has engaged in any improper action related to BitTorrent copyright infringement cases.  *See e.g. Malibu Media LLC v. John Does 1-28*, 2012 WL 7748917 at *8 (E.D. Mich. 2012) (adopting the reasoning of *Malibu Media, LLC v. John Does 1-5,* 2012 WL 3641291, at *4 (S.D.N.Y. 2012) which found that "none of the instances of improper litigation tactics that have been brought to our attention involve plaintiff [Malibu Media] or plaintiff's counsel. We are reluctant to prevent plaintiff from proceeding with its case based only on a "guilt-by-association" rationale."); *Malibu Media, LLC v. John Does 1-30*, 2:12-cv-13312-DPH-MJH [CM/ECF 61] at p. 15 (E.D. Mich. May 16, 2013) ("The undersigned is not, however convinced that there is any evidence of inappropriate litigation practices by plaintiff *in this case* warranting severance."); *Malibu Media, LLC v. Reynolds*, 2013 WL 870618 at *7 (N.D. Ill. Mar. 7, 2013) ("the fact that suits of this nature settle quickly does not mean there is any wrongdoing on the part of copyright owners."); *Patrick Collins, Inc. v. John Does 1-9*, 2012 WL 4321718 at *5 (C.D. Ill. 2012) ("Doe/4 presents *no* basis for the claim that Collins is improperly attempting to extract settlements from innocent people.").  *See also Malibu Media, LLC v. John Does 1-2, 4-8, 10-16, 18-21*, 2013 WL 1876442 (D. Colo. 2013) *report and recommendation adopted sub nom. Malibu Media, LLC v. John Does 5-8*, 2013 WL 1787640 (D. Colo. 2013) ("the Court has also witnessed firsthand the Plaintiff's willingness to resolve cases without any monetary

payment when a Defendant credibly denies infringement."); *Malibu Media, LLC v. John Does 1-9*, 8:12-cv-00669-SDM-AEP [CM/ECF 25] at p. 7 (M.D. Fla. July 6, 2012) ("the Court disagrees with the John Doe Defendants in their assertion that Plaintiff's case is designed to coerce undue settlements by avoiding judicial review and allowing for an asymmetric exploitation of innocent victims.").

The only issues that are relevant to this case are those that are directly related to the facts of this case. Defendants' apparent attempts to level the "playing field" or the "scales of justice" for unknown defendants district-wide and even nationwide through this lawsuit are improper. "While [Defendant] appears to seek, once and for all, a judgment that will stem the rising tide of litigation from Malibu Media and similarly-situated plaintiffs, this lawsuit does not provide a vehicle for doing so. Rather, the instant case is concerned with adjudicating the rights of *these* particular parties." *Malibu Media, LLC v. Doe 1*, 8:12-cv-01198-DKC, [CM/ECF 31] at p. 10 (D. Md. Dec. 21, 2012) (dismissing defendant's counterclaim for a declaration of noninfringment.)

### III.  CONCLUSION

For the foregoing reasons, Defendants' "Background of the Suit" and Exhibits 4, 12, and 13 in their Motion to Require Plaintiff to Post Bond should be stricken.

**WHEREFORE,** Plaintiff, Malibu Media, LLC respectfully requests entry of an order:

(A)  Granting Plaintiff's Motion to Strike Defendants' "Background of the Suit" section at pages 8-11 and Exhibits 4, 12 and 13;

(B)  Striking Defendants' "Background of the Suit" section and Exhibits 4, 12 and 13; and

(C) Granting Plaintiff such other and further relief as this Court deems just and proper.

Dated: June 14, 2013

Respectfully submitted,

NICOLETTI & ASSOCIATES, PLLC

By: /s/ *Paul J. Nicoletti*
Paul J. Nicoletti, Esq. (P44419)
36880 Woodward Ave, Suite 100
Bloomfield Hills, MI 48304
Tel: (248) 203-7800
Fax: (248) 203-7801
E-Fax: (248) 928-7051
Email: paul@nicoletti-associates.com
*Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that on June 14, 2013, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

By: /s/ *Paul J. Nicoletti*

## SERVICE LIST

Paul B. Overhauser, Esq.                                              CM/ECF
Overhauser Law Offices, LLC
740 West Green Meadows Drive, Suite 300
Greenfield, IN 46140
E-mail: poverhauser@overhauser.com
*Attorneys for Defendants Chris Minor
and Theresa Stephenson*

David W. Hamilton, Esq.                                               CM/ECF

Rowe & Hamilton
22 East Washington St
Indianapolis, IN 46204
E-mail: dham@indy.net
*Attorney for Defendant Jay Garrett*

Derick Brooks                                                                                           *U.S. Mail*
529 South 9th Street
Lafayette, IN 47901
*Pro se*

Siwei Li                                                                                                     *U.S. Mail*
2427 Neil Armstrong Drive, 1A
West Lafayette, IN 47906
*Pro se*