UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT INDIANA

| | |
|---|---|
| MALIBU MEDIA, LLC, ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | Case No. 1:12-cv-00845-TWP-MJD |
| ) | |
| ANDREW LEIGHTNER, KEVIN DEMPSEY, ) | |
| KENNETH REESE, CARL RUDY, LUCAS ) | |
| SHULTZ, LUCIAN SAVULESCU, DAN ) | |
| COROIAN, JIM GENDRON, JEREMY ) | |
| COTTON, NEVILLE FERNANDES, DANIEL ) | |
| PITTMAN, JAY GARRETT, JERRY RICHEY, ) | |
| CONNIE FELONGCO, TERESA ) | |
| STEPHENSON, KIRAN POULSEN, CHRIS ) | |
| MINOR, SIWEI LI, DERICK BROOKS, ) | |
| CLARISSA HENDERSHOT, CHRIS MINOR, ) | |
| and JOHN DOES 2, 14, 16, 17, 20, 23, 24 and 29, ) | |
| ) | |
| Defendants. ) | |

**OPPOSITION TO PLAINTIFF'S MOTION TO STRIKE (DOC. 203)**

Defendants Chris Minor and Teresa Stephenson ("Defendants"), by counsel, hereby oppose Plaintiff Malibu Media, LLC's motion to strike.

Malibu's counsel complains that it was "scandalous" for Defendants to have exposed unsavory associations between himself and other disreputable attorneys in the porno-litigation business. It is ironic that Malibu's counsel's business strategy is to threaten Internet subscribers with a public association with pornography to extract settlements, but when Mailbu's counsel is publicly shown to be associated with disreputable colleagues and practices, he seeks the refuge of a "Motion to Strike."

1

A. **Briefs and Exhibits Are Not "Pleadings" That May Be Stricken Under Rule 12(f)**

Malibu's motion (Doc. 203) seeks to strike the "Background" section and exhibits 4, 12 and 13 of Defendants' Motion to Require Plaintiff to Post Bond (Doc. 194). Malibu brings its motion under Rule 12(f), arguing:

> "The Court may strike from a pleading "any redundant, immaterial, impertinent, or scandalous matter." *Fed. R. Civ. P. 12(f)*."

(Doc. 203, PgID 1228)

The issue raised by Malibu's motion is:

> Are briefs and supporting exhibits "pleadings" that may be stricken pursuant to Rule 12(f)?

This court has clearly found that Briefs and their exhibits are not "pleadings:"

> "First, as a matter of procedure, Rule 12(f) only authorizes the Court to strike matter 'from a pleading.' Fed. R. Civ. Pro. 12(f). A brief is not a pleading. *See* Fed. R. Civ. Pro. 7(a) (listing the only recognized pleadings)."
>
> *Capital Machine v. Miller Veneers*, Order Denying Motion to Quash, 1:09-cv-00702-JMS-DML (May 2, 2011, SD IN).

Other courts agree that because briefs and exhibits are not "pleadings," they may not be "stricken" under Rule 12(f):

> "The only allowance for motions to strike is found in Federal Rule of Civil Procedure 12(f). However, such motions are not appropriate for briefs and affidavits. Rule 12(f) provides 'that the court may strike from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter.' Fed. R. Civ. P. 12(f). The plain language of Rule 12(f) states that the Rule applies to 'pleadings.' Briefs and affidavits in support of motions are not pleadings under the Rules. See Fed. R. Civ. P. 7(a) (Defining pleadings as either a complaint, answer, reply to a counterclaim, an answer to a cross-claim, a third-party complaint, or third-party answer). Even properly brought regarding a pleading, motions to strike are generally disfavored because they are seen as tools to delay litigation. See *Heller Fin., Inc. v. Midwhey Powder Co.*, 883 F.2d 1286, 1294 (7th Cir. 1989)."

>*Alswager v. Rocky Mt. Instrumental Labs., Inc.*, 2010 U.S. Dist. LEXIS 26208, 3-4 (E.D. Wis. Mar. 19, 2010).

As noted in *Capital Machine*, "the court is capable of reviewing the information submitted by the parties and considering only that which is admissible and relevant."

### B.  Malibu's Counsel Misrepresents Its Association With Lipscomb.

The bulk of Malibu's Motion complains that Defendants are "attempting to cast Plaintiff and its counsel in a disparaging light by attempting to associate Plaintiff with entirely unrelated persons and entities." In particular, Plaintiff's counsel Mr. Nicoletti strives to distance himself from attorney Keith Lipscomb, stating:

> "*Defendants' references to attorney M. Keith Lipscomb* from Florida on pages 9 and 10 *are also immaterial, impertinent, and prejudicial* and should be stricken. Such references are yet another attempt to introduce irrelevant information into this case in order to cast doubt on the veracity of Plaintiff's lawsuits and motivation for bringing suit. Specifically, Defendant makes the foundationless assertion that "[m]any *BitTorrent claims are initiated not by the copyright owner, but by the opportunistic attorney in the Lipscomb/Nicoletti enterprise*." Defendant's Motion, p. 9. *Undersigned counsel is the attorney in charge of this case* and all cases filed by Plaintiff in this District."

(Doc. 203, PgID 1229-1230) (emphasis supplied)

It is difficult to reconcile Mr. Nicoletti's claim that he "is the attorney in charge of this case" with the pdf metadata of Plaintiff's Motion to Strike. That metadata shows that the "Author" of Malibu's Motion to Strike is not Mr. Nicoletti, but "Jason Cooper."[1]

---

[1] In Adobe Acrobat, pdf metadata can be viewed, by selecting File, "Document Properties," then clicking on the "Description" tab.

3


    Exhibit 1

Lipsomb, who is in Florida, has a website that lists Mr. Cooper as his employee:


    Exhibit 2

In addition, when the undersigned sent a draft of the <u>Motion to Require Plaintiff to Post Bond</u> to Malibu's counsel as a part of a meet and confer, Lipscomb was the first to respond, *not Nicoletti*:

> From: Keith Lipscomb <KLipscomb@LEBFIRM.COM>
> Sent: Friday, May 24, 2013 12:57 PM
> To: Paul Overhauser; pauljnicoletti@gmail.com; Paul Nicoletti (paul@nicoletti-associates.com)
> Cc: To Be Filed; copyright
> Subject: RE: BitTorrent Suits
>
> Paul,
>
> Please kindly delay filing your memorandum until Tuesday. In the interim, we intend to draft a response so that you better understand the facts. Under Rule 11, you have a duty to investigate the facts and understand them. This duty includes listening to the facts. After you understand the facts and what they will be, if you still chose to file this, we will address it at that time. But between now and then we need to address the issues and have a good faith meet and confer.
>
> Best regards,
>
> Keith

Exhibit 3.

Finally, in other BitTorrent cases the undersigned has settled with Malibu, Nicoletti has directed that settlement funds be sent not to him, but to the Lipscomb law firm in Miami.

If Mr. Nicoletti wants to distance himself from Mr. Lipscomb, he should explain why Mr. Lipscomb's office drafts filings, conducts meet and confers, and processes settlements for cases in which only Mr. Nicoletti has appeared. The association between Nicoletti and Lipscomb is what it is.

C.     **Conclusion.**

Malibu's motion to strike should be denied because it is not authorized by Rule 12(f). As in *Capital Machine*, "the court is capable of reviewing the information submitted by the parties and considering only that which is admissible and relevant."

In addition, while Defendants agree with Malibu that that *Background* section of Defendants' Motion and the cited exhibits could be considered "scandalous," that does not make them irrelevant. To the contrary, their "scandalous" nature shows why Plaintiff, who chose to

5

employ "the opportunistic attorneys in the Lipscomb/Nicoletti enterprise," should be required to post a bond.

                                      Respectfully submitted,

                                      By: s/Paul B. Overhauser
Paul B. Overhauser
**OVERHAUSER LAW OFFICES LLC**
740 W. Green Meadows Dr., Suite 300
Greenfield, IN  46140-4019
Phone: 317-891-1500
Fax: 866-283-8549
Attorneys for Defendants Teresa Stephenson and Chris Minor

© 2013

## EXHIBITS

| 1 | Metadata for Malibu's Brief |
|---|---|
| 2 | Jason Cooper's attorney profile at Lipscomb's website |
| 3 | Lipscomb's email in response to meet and confer |

## CERTIFICATE OF SERVICE

     I hereby certify that a copy of the foregoing is being filed electronically, and notice hereof will automatically be sent to all counsel of record that participate in electronic filing, by operation of the Court's electronic filing system.  Parties may access this filing through the Court's system.

                                      By: s/Paul B. Overhauser
                                            Paul B. Overhauser