UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT INDIANA

| | |
|---|---|
| MALIBU MEDIA, LLC, ) <br> ) <br>     Plaintiff, ) <br> ) <br> v. ) <br> ) <br> ANDREW LEIGHTNER, KEVIN DEMPSEY, ) <br> KENNETH REESE, CARL RUDY, LUCAS ) <br> SHULTZ, LUCIAN SAVULESCU, DAN ) <br> COROIAN, JIM GENDRON, JEREMY ) <br> COTTON, NEVILLE FERNANDES, DANIEL ) <br> PITTMAN, JAY GARRETT, JERRY RICHEY,) <br> CONNIE FELONGCO, TERESA ) <br> STEPHENSON, KIRAN POULSEN, CHRIS ) <br> MINOR, SIWEI LI, DERICK BROOKS, ) <br> CLARISSA HENDERSHOT and JOHN DOES ) <br> 14, 16, 17, 20, 23, 24 and 29, ) <br> ) <br>     Defendants. ) <br> ) | Civil Case No. 1:12-cv-00845-TWP-MJD |

**PLAINTIFF'S REPLY TO DEFENDANTS CHRIS MINOR AND TERESA STEPHENSON'S OPPOSITION TO PLAINTIFF'S MOTION TO STRIKE [CM/ECF 205]**

### I.    INTRODUCTION

Defendant has misconstrued and purposefully twisted Plaintiff's Motion. Page 4 of Plaintiff's Motion clearly distances undersigned counsel and Plaintiff from any association with those persons and entities who were recently found by Judge Wright in California to have perpetrated fraud upon the court and a scheme to exploit, such as the Steele Hansmeier law firm. Reading Plaintiff's Motion, it is clear that neither undersigned nor Plaintiff attempted to "distance himself from attorney Keith Lipscomb." *Defendant's Opposition*, p. 3. Instead, Plaintiff truthfully explained the facts related to Mr. Lipscomb's role in Malibu Media's litigation. Plaintiff did so in order to counter Defendants' attempt to persuade the Court that Plaintiff's suits are "initiated not by the copyright owner, but by the opportunistic attorney in the

1

Lipscomb/Nicoletti enterprise." *Defendant's Motion*, p. 9. Defendants' statement is unwarranted, improper and contrary to the facts. Further, this Court has discretion to rule on Plaintiff's Motion and because the subject information is scandalous and irrelevant, should grant Plaintiff's Motion to Strike.

II. **UNDERSIGNED IS LEAD COUNSEL IN THIS CASE AND IS SOLELY RESPONSIBLE FOR ALL OF THE WORK PERFORMED IN THIS MATTER**

As previously stated, Lipscomb, Eisenberg & Baker, PL ("LEB") is charged with monitoring and coordinating all of Malibu Media, LLC's litigation nationally. *Declaration of Paul Nicoletti* at ¶ 5, attached hereto as Exhibit A. LEB maintains the trust account that receives all settlement and judgment proceeds and does the accounting for Malibu Media, LLC's lawsuits. *Id.* at ¶ 6. LEB also provides assistance to Malibu Media, LLC's counsel, including undersigned. *Id.* at ¶ 7. While undersigned coordinates with LEB and utilizes its resources, including LEB's associates, undersigned is solely responsible for the finished product and all of the legal work performed in this matter, including the content of any papers filed by undersigned. *Id.* at ¶ 8. Undersigned has a direct line of communication with Malibu Media, LLC's owners. *Id.* at ¶ 9. Malibu Media, LLC's owners and undersigned have expressly discussed undersigned's coordinating with all of its other counsel, including LEB. *Id.* at ¶ 10. Undersigned and Malibu Media, LLC's owners further expressly discussed that undersigned, and *only* undersigned, will be lead counsel on all of the cases that undersigned files. *Id.* LEB does not have the power to order undersigned to take any action on behalf of Malibu Media, LLC. *Id.* at ¶ 11. Malibu Media, LLC is undersigned's only client in these matters. *Id.* at ¶ 12. Undersigned has conveyed this information to adverse counsel numerous times. *Id.* at ¶ 13.

Consistent with the above facts, LEB assists and supports Malibu Media's other attorneys, including undersigned, in various ways including with legal research and compiling and tracking court opinions/decisions across the country that pertain to Malibu Media. This is typically done by Mr. Cooper and other associates at LEB. *Declaration of Jason Cooper* at ¶ 5, attached hereto as Exhibit B. Sometimes, using LEB's associates to assist Malibu Media's lead counsel is in Malibu Media's interest because the associates review and analyze BitTorrent copyright infringement cases across the country. *Id.* at ¶ 6. The law governing BitTorrent copyright infringement cases changes rapidly. *Id.* Therefore, they are uniquely qualified to advise and assist Malibu Media, LLC's lead counsel. *Id.* LEB is not lead counsel on any of undersigned's cases. *Id.* at ¶ 7. LEB does not coordinate nor correspond with any of the attorneys from Prenda Law, the Copyright Enforcement Group, Evan Stone, Dunlap, Grub & Weaver, or any other attorney currently representing other plaintiffs in BitTorrent copyright infringement suits.[1] *Id.* at ¶ 8. LEB only corresponds with those lawyers who are also working for movie studios who are clients of LEB, like Malibu Media. *Id.* at ¶ 9.

Defendants misrepresent that Mr. Lipscomb conducted a good faith conference with regard to their Motion for bond in furtherance of their attempt to misconstrue undersigned's relationship with Plaintiff and LEB. Mr. Lipscomb's quoted e-mail was in response to direct contact from adverse counsel in an attempt to clarify and explain LEB's relationship to Plaintiff. During the conversation, Mr. Lipscomb repeatedly notified adverse counsel that he was out of the office at that time and unable to discuss the faulty factual assertions contained in Defendants' motion and also urged adverse counsel to delay filing the Motion until he had the opportunity to

---

[1] LEB's principal, Mr. Lipscomb, spoke to John Steele twice approximately nine or ten months ago collectively for less than an hour, after being contacted by Mr. Steele. Mr. Steele was seeking advice about Florida cases. Mr. Lipscomb spoke to CEG's principal once or twice collectively for less than 30 minutes.

3

clarify LEB's role in Plaintiff's lawsuits. Adverse counsel continued to contact Mr. Lipscomb despite expressly acknowledging that undersigned is lead counsel on this case.

### III. PLAINTIFF'S MOTION IS PROPER

"Courts often grant 'motions to strike' directed at papers other than pleadings[.]" *Prac. Guide Fed. Civ. Proc. Before Trial (Nat Ed.) Ch. 9-G.* "Although the rule refers only to pleadings, courts may use the rule to strike portions of affidavits and other submissions." *Gauthier v. United States*, 2011 WL 3902770 at *11 (D. Mass. 2011). *See also Pigford v. Veneman*, 225 F.R.D. 54, 58 (D.D.C. 2005) ("Although Rule 12(f) applies by its terms only to "pleadings," courts occasionally have applied the Rule to filings other than those enumerated in Rule 7(a) of the Federal Rules of Civil Procedure. *See, e.g., Cobell v. Norton,* 213 F.R.D. 33 (D.D.C.2003) (considering Rule 12(f) motion to strike plaintiffs' response to defendant's historical accounting plan)"). "The decision whether to strike material as scandalous is within the discretion of the district court." *Talbot v. Robert Matthews Distrib. Co.*, 961 F.2d 654, 665 (7th Cir. 1992).

This Court may consider Plaintiff's Motion and grant the relief requested therein. Indeed, Defendants concede that the subject content is scandalous. *See Response*, p. 5 ("Defendants agree with Malibu that that *Background* section of Defendants' Motion and the cited exhibits could be considered 'scandalous'."). This is not the first time opposing counsel has engaged in inappropriate litigation conduct and filed improper documents to gain an unfair advantage in litigation. *See Novelty, Inc. v. Mountain View Marketing, Inc. et al.*, 1:07-cv-01229-SEB-JMS, [CM/ECF 381, 394] (S.D. Ind. Apr. 12, 2010). Further, Defendants' own arguments weigh against them. Defendants twice assert that "the Court is capable of reviewing the information submitted by the parties and considering *only* that which is *admissible and*

4

*relevant*." *Response*, pp. 3, 5 (emphasis added). Defendants' "Background" section and the Exhibits filed in support are clearly neither admissible nor relevant in the underlying action. Accordingly, the Court should not consider them and instead, should remove them from this litigation.

## IV. CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests this Court grant the subject Motion.

Dated: June 25, 2013

                Respectfully submitted,

                NICOLETTI & ASSOCIATES, PLLC

By:   /s/ *Paul J. Nicoletti*
       Paul J. Nicoletti, Esq. (P44419)
       36880 Woodward Ave, Suite 100
       Bloomfield Hills, MI 48304
       Tel: (248) 203-7800
       Fax: (248) 203-7801
       E-Fax: (248) 928-7051
       Email: paul@nicoletti-associates.com
       *Attorney for Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that on June 25, 2013, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

By: /s/ *Paul J. Nicoletti*

## SERVICE LIST

| | |
|---|---|
| Paul B. Overhauser, Esq.<br>Overhauser Law Offices, LLC<br>740 West Green Meadows Drive, Suite 300<br>Greenfield, IN 46140<br>E-mail: poverhauser@overhauser.com<br>*Attorneys for Defendants Chris Minor*<br>*and Theresa Stephenson* | *CM/ECF* |
| David W. Hamilton, Esq.<br>Rowe & Hamilton<br>22 East Washington St<br>Indianapolis, IN 46204<br>E-mail: dham@indy.net<br>*Attorney for Defendant Jay Garrett* | *CM/ECF* |
| Derick Brooks<br>529 South 9th Street<br>Lafayette, IN 47901<br>*Pro se* | *U.S. Mail* |
| Siwei Li<br>2427 Neil Armstrong Drive, 1A<br>West Lafayette, IN 47906<br>*Pro se* | *U.S. Mail* |