UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| MALIBU MEDIA, LLC, | ) |
| Plaintiff, | ) |
| vs. | ) |
| TERESA STEPHENSON, CHRIS MINOR, SIWEI LI, DERICK BROOKS, KAREN GARRETT, | ) No. 1:12-cv-00845-TWP-MJD |
| Defendants. | ) |

## ORDER ON MOTION TO POST BOND

This matter is before the Court on Defendants' Chris Minor and Teresa Stephenson ("Defendants") Motion to Require Plaintiff to Post Bond for Costs and Expenses [Dkt. 194] and Plaintiff's Motion to Strike a portion of said motion [Dkt. 203]. The Court, being duly advised, **DENIES** both motions.

The decision to require a plaintiff to post a bond is within the discretion of the court. "No statute or rule, or decision of this circuit, expressly authorizes a court to require the posting of a bond to secure the payment of costs to a party should he prevail in the case." *Anderson v. Steers, Sullivan, McNamar & Rogers*, 998 F.2d 495, 496 (7th Cir. 1993). However, this authority is inherent in the power to award costs to a prevailing party. *Id.*; *Gay v. Chandra*, 682 F.3d 590, 594 (7th Cir. 2012). A court may require a party to post a bond if there is reason to believe that it would be difficult for a prevailing party to collect its costs. *Id*. A cost bond is not a sanction. *Gay*, 682 F.3d at 594. "It is meant 'to insure that whatever assets a party does possess will not have been dissipated or otherwise have become unreachable by the time such costs actually are

awarded." *Id.* (*quoting Selletti v. Carey*, 173 F.3d 104, 112 (2d Cir. 1999)). Factors generally considered are 1) the merits of the case, 2) the prejudice to the defendant of not requiring a bond, and 3) the prejudice to the plaintiff of requiring a bond. *Id*. The court must consider the party's ability to pay and take care not to deprive a plaintiff of access to federal courts. *Id*. at 593.

In considering the merits of the case, the Seventh Circuit upheld a district court's requirement of plaintiff to post a bond due, in part, to the frivolous nature of the suit. *See generally Anderson*, 998 F.2d 495. The Court does not find that this case is frivolous in nature and instead finds that Plaintiff has a likelihood of success on the merits. Defendant cites to other BitTorrent cases not involving the Plaintiff to demonstrate questionable actions that the Plaintiff *might* do. However, Defendant has not asserted that Plaintiff has engaged in any of this questionable behavior asserted by other BitTorrent plaintiffs. Defendant also argues that Plaintiff has not won a single case at trial. However, Defendant has failed to point to any trials where Plaintiff has lost as well. Defendant did mention an upcoming trial involving Plaintiff with similar claims. *See Malibu Media v. John Does 1-22*, 2:12-cv-02078-MBB, (E.D. PA June 18, 2013). In that case, Plaintiff's suit led to three defendants eventually admitting liability after motions to dismiss had been denied. *Id*. Defendant also does not direct the Court to any case where motions to dismiss or motions for summary judgment have been granted against the Plaintiff in these actions. On the contrary, a simple search has shown that Plaintiff has been able to survive motions to dismiss. *See e.g. Malibu Media, LLC v. Tashiro*, 1:13-cv-205-WTL-MJD, 2013 WL 4763498 (S.D. Ind. Sept. 4, 2013); *Malibu Media, LLC v. Harris*, 1:12-cv-1117-WTL-MJD, 2013 WL 3780571 (S.D. Ind. July 18, 2013); *Malibu Media, LLC v. John Does 7, 9-11, 15-31, 33-36, 39*, 12-cv-01953-WYD-MEH, 2013 WL 3753435 (D. Colo. July 15, 2013);

*Malibu Media, LLC v. John Does 1-15*, 12-2077, 2012 WL 3518116 (E.D. Pa. Aug. 13, 2012). Thus, the Court finds that Plaintiff has a likelihood of success on the merits.

Defendants do not demonstrate how they will be prejudiced if a bond was not required. In considering the Plaintiff's ability to pay, Plaintiff has demonstrated that it can afford to pay for the cost of litigation and attorney's fees should Defendants prevail. [See Dkt. 204 at 9 ("Plaintiff is a multimillion dollar company").] More importantly, Defendants do not allege that they will have difficulty collecting their fees and costs should they prevail. Defendants only argument in this regard is that Plaintiff is a non-resident of this state and thus the Court should assume that it would be difficult for Defendants to collect fees. However, the Court is not persuaded by this argument. Thus, the Court finds that Defendants will not be prejudiced if a bond was not required.

Finally, imposition on Plaintiff of a bond requirement could result in prejudice to the Plaintiff. Defendants ask this Court to not only require Plaintiff to post a bond, but issue an order to show cause requiring Plaintiff to explain why it should not be required to post a bond for every case hereafter. This will undoubtedly prejudice the Plaintiff and would likely deny Plaintiff access to the federal court. According to Plaintiff, there are more infringers than there are members of Plaintiff's subscription service, and Plaintiff has tens of thousands of members. [Dkt. 204 at 3.] Assuming, arguendo, that the median legal fee is $250,000, [Dkt. 194 at 13], to require Plaintiff to post this amount for a bond for every defendant would prevent Plaintiff from pursuing infringers, which it has a legal right to do. Therefore, the Court finds that setting a bond in this matter would be prejudicial to Plaintiff.

For the reasons set forth above, Defendant's Motion to Require Plaintiff to Post Bond is **DENIED**.

With regard to Plaintiff's motion to strike [Dkt. 203], the Court agrees that Defendants' Motion to Require Plaintiff to Post Bond for Costs and Expenses contains wholly irrelevant discussions of sanctions imposed on parties not pertaining to this case and a personal attack on Plaintiff's counsel that likewise bears no relevance to the issue before the Court.  [See Dkt. 194 at 5-11; Dkt. 194-1; Dkt. 194-2; Dkt. 194-4; Dkt. 194-5; Dkt. 194-6; Dkt. 194-9; Dkt. 194-10; Dkt. 194-11; Dkt. 194-12; Dkt. 194-13; Dkt. 205 at 3-5; Dkt. 205-1; Dkt. 205-2; Dkt. 205-3.] Rule 11 of the Federal Rules of Civil Procedure provides that Defendants' counsel's signature on a submission to the Court constitutes a certification that the submission "is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation . . . ."  Fed. R. Civ. P. 11(b).  The above-noted aspects of Defendant's submission stray dangerously close to a Rule 11 violation and the Court does not expect such conduct to be repeated.  However, in light of the denial of Defendants' Motion to Require Plaintiff to Post Bond for Costs and Expenses, Plaintiff's Motion to Strike is **DENIED** as moot.

Date: 09/23/2013

Mark J. Dinsmore
United States Magistrate Judge
Southern District of Indiana

Distribution:

DERICK BROOKS
529 South 9th Street
Lafayette, IN 47901

SIWEI LI
2427 Neil Armstrong Drive, 1A
West Lafayette, IN 47906

Amie Peele Carter
BAKER & DANIELS - Indianapolis
amie.peelecarter@FaegreBD.com

4

Tony Allen Gibbens
BRANNON ROBINSON SOWERS HUGHEL & DOSS PC
tag@brannonrobinson.com

David Scott Klinestiver
LEWIS & KAPPES
dklinestiver@lewis-kappes.com

Paul J. Nicoletti
NICOLETTI & ASSOCIATES, P.C.
pauljnicoletti@gmail.com

John Michael Bradshaw
OVERHAUSER LAW OFFICES, LLC
jbradshaw@overhauser.com

Paul B. Overhauser
OVERHAUSER LAW OFFICES, LLC
poverhauser@overhauser.com

David W. Hamilton
ROWE & HAMILTON
dham@indy.net

Kyle C. Persinger
SPITZER HERRIMAN STEPHENSON HOLDEREAD MUSSER & CONNER LLP
kpersinger@shshlaw.com