# UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT INDIANA

MALIBU MEDIA, LLC,             )
Plaintiff,                   )
                            )
v.                         )
                            ) Case No. 1:12-cv-00845-TWP-MJD
                            )
ANDREW LEIGHTNER, KENNETH REESE,  )
LUCIAN SAVULESCU, DAN COROIAN,    )
JEREMY COTTON, NEVILLE             )
FERNANDES, DANIEL                 )
PITTMAN, JAY GARRETT, JERRY RICHEY )
CONNIE FELONGCO, TERESA          )
STEPHENSON, KIRAN POULSEN, CHRIS   )
MINOR, SIWEI LI, DERICK BROOKS,     )
and JOHN DOES 16, 17, 20, 23, 24 and 29,  )
                            )
Defendants.                  )

### DEFENDANTS CHRIS MINOR AND TERESA STEPHENSON'S
### MOTION TO DISMISS AND/OR SEVER

Defendants, CHRIS MINOR and THERESA STEPHENSON, by counsel, hereby

respectfully move to dismiss this action without prejudice, only as to them, for improper joinder

under Fed. R. Civ. P. 20, or in the alternative, to sever them from the remaining defendants.


**I.   THE LEGAL STANDARD FOR PERMISSIVE JOINDER.**

Parties may be permissively joined in the same lawsuit, if they meet the standard for

permissive joinder, which is as follows:

> Persons . . . may be joined in one action as defendants if: (A) any right to relief is
> asserted against them jointly, severally or in the alternative with respect to or arising
> out of the same transaction, occurrence, or series of transactions or occurrences; and
> (B) any question of law or fact common to all defendants will arise in the action.
> Fed. R. Civ. P. 20.

Even where multiple defendants are alleged to have committed copyright infringement by being in the same "bittorrent swarm," joinder has been found lacking.

*Malibu Media v. John Doe 5, 6, 9, 12* (1:13-cv-00164-PPS-RBC) (N.D. Ind. May 21, 2013) (the court *sua sponte* dismissed all but one Doe defendant as the different factual issues and legal defenses specific to each defendant's case would create judicial inefficiency.)

"[M]erely committing the same type of violation in the same way does not link defendants together for purposes of joinder." *LaFace Records, LLC v. Does 1-38*, No. 5:07-CV-298-BR, 2008 WL 544992 (E.D.N.C. Feb. 27, 2008) (Court ordered severance where each of 38 defendants had used the same Internet Service Provider and some of the same peer-to-peer networks to commit identical violations of the law in an identical manner.)

See also *Malibu Media, LLC v. John Does 1 – 54* (collecting cases): *Malibu Media, LLC v. John Does 1-23*, 2012 WL 1999640, *4 (E.D. Va. May 30, 2012) (holding that, in a file sharing case, "a plaintiff must allege facts that permit the court at least to infer some actual, concerted exchange of data between those defendants."); *Digital Sins, Inc. v. John Does 1-245*, 2012 WL 1744838, *2 (S.D.N.Y. May 15, 2012) (finding no concerted action between defendants that only utilized the same computer protocol to download a file); *SBO Pictures, Inc. v. Does 1-3036*, 2011 WL 6002620, *3 (N.D. Cal. Nov. 30, 2011) ("The Court cannot conclude that a Doe Defendant who allegedly downloaded or uploaded a portion of the Motion Picture on May 11, 2011[and] a Doe Defendant who allegedly did the same on August 10, 2011 . . . were engaged in the single transaction or series of closely-related transactions recognized under Rule 20."); *Lightspeed v. Does 1-1000*, 2011 U.S. Dist. LEXIS 35392, *4-7 (N.D. Ill. Mar. 31, 2011) (finding that Doe defendants using BitTorrent technology were misjoined on the basis that the putative defendants were not involved in the "same transaction, occurrence, or series of transactions or occurrence" under Fed. R. Civ. P. 20(a)(2)(A)).

"Plaintiff's desire to enforce its copyright in what it asserts is a cost-effective manner does not justify perverting the joinder rules to first create the management and logistical problems discussed above and then to offer to settle with Doe defendants so they can avoid digging themselves out of the morass plaintiff is creating." *On The Cheap, LLC, v. Does 1-5011*, case C10-4472 BZ (N.D. Calif. Sept. 6, 2011) (Dismissing Defendants).

Dismissal of the entire case has also been employed due to misuse of the legal system by plaintiffs filing similar "ill-considered" and abusive litigation. ("It would constitute a real stretch of the normal meaning of language for [Plaintiff] to call Rule 20(a)(2)(A) into play as the asserted predicate for lumping its separate asserted claims into a single lawsuit.") (*CP Productions, Inc. v. Does 1-300* case 1:2010cv06255, fn 2 (N.D. Ill. Feb. 24, 2011) (dismissing all John Doe defendants).

Here, Plaintiff does not even allege Defendants were in the same "bittorrent swarm."  To the contrary, each is alleged to have downloaded many different movies.  The only common movie among them is "Lunchtime Fantasy."  However, each Defendant is alleged to have downloaded this movie on *different dates* and at *different locations:*

| | | |
|---|---|---|
| Stephenson | 4/5/12 | Pendleton, IN |
| Minor | 3/25/12 | Danville, IN |
| Li | 3/27/12 | West Lafayette, IN |
| Brooks | 4/14/12 | Lafayette, IN |
| Garrett | 3/19/12 | Indianapolis, IN |

(Doc. 228, p. 16-27).

While Plaintiff  alleges these defendants share a common "lunchtime fantasy," its contention that joinder exists is a pure legal fantasy.  Where the alleged infringement was committed by unrelated defendants, at different times and locations, joinder is improper.

> Comcast subscriber John Doe 1 could be an innocent parent whose internet access was abused by her minor child, while John Doe 2 might share a computer with a roommate who infringed Plaintiffs' works. John Does 3 through 203 could be thieves, just as Plaintiffs believe, inexcusably pilfering Plaintiffs' property and depriving them, and their artists, of the royalties they are rightly owed. . . . Wholesale litigation of these claims is inappropriate, at least with respect to a vast majority (if not all) of Defendants.
>
> *BMG Music v. Does 1-203, No. Civ.A. 04-650, 2004 WL 953888, at \*1 (E.D. Pa. Apr. 2, 2004)* (severing lawsuit involving multiple defendants).

The misjoinder analysis does not change simply because Plaintiff alleges that the Bittorrent protocol takes small fragments of a work from multiple people to assemble a complete copy of that work.  Plaintiff does not allege (a) that any Defendant had knowledge of any other Defendant; (b) that any Defendant controlled the Bittorrent process; or (c) that any copy of any work downloaded by any one Defendant came from any of the other Defendants.

Defendants Stephenson and Minor should be dismissed without prejudice for misjoinder.

3

## II. SEVERANCE IS ALSO APPROPRIATE.

Even if dismissal for misjoinder is not granted, this court should sever Stephenson and Minor pursuant to FRCP 21. ("[T]he court may at any time, on just terms, add or drop a party." FRCP 21.) In these times of sequestration and threats of government shutdown, this Court and the taxpayers have an interest in ensuring that plaintiffs do not rig the rules to avoid the $350 filing fee for each case. Other courts have found this a sufficient basis to sever defendants. *Voltage Pictures, LLC v. Does 1-198, Does 1-12, Does 1-34, Does 1-371*, Case 6:13-cv-290-AA, Order, p. 3 (OR, May 4, 2013) ("the manner in which plaintiff is pursuing the Doe defendants has resulted in $213,850 savings in filing fees alone. While these costs are substantial, the amounts sought from each individual defendant is $30,000." (Exhibit 1).

Plaintiff's original complaint was filed against 29 anonymous defendants, and Plaintiff paid only one $350 filing fee. In contrast, proper filing of these complaints as separate lawsuits would have resulted in filing fees of $10,150. This Court should not allow this financial gamesmanship to continue, and it should sever Stephenson and Minor.

Respectfully submitted,

Overhauser Law Offices, LLC

By: __s/ Paul B. Overhauser_____
     Paul B. Overhauser
     Overhauser Law Offices, LLC
     740 West Green Meadows Drive
     Suite 300
     Greenfield, IN 46140
     (317) 891-1500
     poverhauser@overhauser.com
     *Attorney for Defendants Chris Minor and Theresa Stephenson*

Exhibits
1       *Voltage Pictures, LLC v. Does 1-198* Case 6:13-cv-290-AA, (DOR, May 4, 2013)

## CERTIFICATE OF SERVICE

     I hereby certify that a copy of the foregoing is being filed electronically, and notice hereof will automatically be sent to all counsel of record that participate in electronic filing, by operation of the Court's electronic filing system.  Parties may access this filing through the Court's system.


          By:    ___s/ Paul B. Overhauser_____
                    Paul B. Overhauser